Chief Justice Bovle
delivered the Opinion of the Court.
This is a writ of error, prosecuted by the defendants, to a judgment recovered against them by- the plaintiff, in an action of covenant.
The first point which the case presents for out consideration, relates to the sufficiency of a plea in bar of the action, which, on demurrer, was held had by the circuit court. To understand this point correctly, it is necessary tu state the substance of the declaration and plea.
To an action on a covenant to freight tobacco to ÍÍ. Orleans, and return an account of sales,- [>lea that defendant did freight tho tobacco tolST. O. but when it arrived, there was no market, and it could not be sold, and he stored it up, is insufficient,---
-Tho plea, in such case, ought, at least, to show, that it had never after-wards been possible to make the sales.
Where the law creates the duty, it. will excuse tho non-performance by inevitable accident-Otherwise, \ij. general, ■«-here (be . parly bim'-r.It' creaíeíi íbc obligation hy hi $ ov,’i! act, or exprc ÍGvraiüíji.
*139 The action was founded upon a covenant, byihe defendants, to freight for the plaintiff five hogsheads of tobacco to New-Orleans, and return to him the sales thereof, with the inspectors manifest, for which services they were to have one dollar per hundred weight, in the currency of this country ; and the declaration, after setting forth the covenant, alleges, that the tobacco was sold, and that the defendants had failed to return the sale of the same to the plaintiff.
The plea alleges, that the defendants did freight the tobacco to New-Orleans, and that when they arrived there, it would not sell for any price, there being no demand for tho article, whereby it became impossible to return to the plaintiff an account of the sale, and the defendants stored up the said tobacco, &c.
We,concur with the circuit court in the opinion, that this plea is insufficient to bar the,.action.
The plea admits that the defendants had not performed their covenant, by returning an account of the sale of the tobacco, but offers as an excuse for their failure to do so, the want of a market for the article, when they arrived at New Orleans. It might well be questioned, whether the want of a market for any length of time, could he deemed a sufficient excuse for not returning an account of the, sale of the tobacco. It is true, that without a market there could be no sale, and without a sale there could be no return of an account of the sale-. But as the defendants had expressly covenanted to-return an account of the sales, without reservation or exception, a failure, however unavoidable in the means necessary to enable them to perform their covenant, could not, in general, be deemed a valid excuse for a non-performance.
Where the law creates a duty, the non-performancc of it will bo excused by any inevitable accident, which prevents it performance. ; but where a party, by his own act, as by an express covenant, creates a duty, the law, in general, will not excuse him, although he may have been prevented from! performing it by unavoidable accident.
Ut an. inquiry of damages for fjilínp; to jetnrn an account of Ealesofdibncco, covenant-t:d to be freighloil ami ijoid atitawOrioanr, if íbero l>u no-proof of tlio price at which (he sales’ of (lio cargo were effected, evidence o-f the general price when it nrsivcd,, is pro-Tier.
il-íií without applying this doctrine, which, to some, may have the appearance of two-much rigour, to the present cone, it b plain that the matter alleged in the plea in question, is not a sufficient excuse for the non-pe-rforroanc® of the defendants’* covenant. They were not Skunk] to sell the tobacco at the moment of their arrival at New-Orleans» and, of coarse, they might have sold it at any timo afterwards, when there was a market for it.
The excuse, therefore, to be sufficient, should have been co-extensiyc with their right to sell; hut (ho plea only alleges, that they were unable to sell the tobacco when they arrived at New-(Means, without attempting to account for their not selling it at. any time'thereafter. The plea was, therefore» rightly adjudged insufficient by the circuit court.
There is only one other question which occurs in the case ; and "that is in relation to tiie admissibility of evidenco offered by the defendants, and rejected^ by the circuit court.
The canse was tried upon the pica of covenants performed, avid the defendants failing to produce any evidence in support of the. issue, the plaintiff read: in evidence the covenant declared on, which bore dale the @Olh of March, 1S22, and proved, by several witnesses, the ¡trices fur which tobacco sold about, the first of May oft hat year, at New-Orleans. The defendants (henproved by a witness, that they arrived with the tobacco at Orleans about the last of M-av, or the first of June, of the year 1822, anil asked the witness, what tobacco sold for at the time of their arrival? To this question the plaintiff objected-, and. the court sustained the objection, and would not let the witness answer, but said the defendants might prove what the plaintiff's tobacco, actually sold for. With tills decision o-f the circuit court, we cannot accord.
Had there, been proof that the defendants bad sold' the plaintiff's tobacco, and the price at which it sold had been ascertained, it would have afforded the correct criterion of the damages to be recovered by the plaintiff, and any evidence of the price of other tobacco, would have been impertinent and improper; but as there was no woof of the defendants-, having *141 sold tiie plaintiff’s tobacco, or of tiie price at which it was sold, proof of the prices of tobacco in general, at the place, and about the time when it was reasonably expected by^ the parties that the sale of the plaintiff’s tobacco was to be made, was not only proper but necessary, to enable the jury to ascertain the damages sustained by the plaintiff, which they were bound to do, as well as to try the issue.
Turner for plaintiffs ; Caperton for defendant
The judgment must be reversed with costs, and the cause be remanded, and proceedings there had, not inconsistent with this opinion.