## Stevens & Elkins, et al. v. Lewis, Wilson, Hicks Company.

(Decided May 17, 1916.)

W. L. PORTER, C. H. HATCHETT and T. G. STEWART for appellants.

BAIRD & RICHARDSON for appellees.

RESPONSE BY JUDGE SETTLE TO PETITION FOR REHEARING —Modifying opinion and overruling petition.

Urged by appellee's petition for a rehearing, we have carefully reconsidered the questions decided by the opinion in this case, published in 168 Kentucky Reports, page 648. The only error we find in the opinion is in its assumption that the written contract between appellee and appellants, Stevens & Elkins, authorized the reliance by the latter on the plea contained in their answer that the extraordinary prevalence of ice and snow excused the delay in the performance of the contract for as much as six months in one or more of the years covered by the contract. We find from the reading of the contract that delay in its performance arising from such cause was not therein provided for. As the brief of appellee's counsel did not direct our attention to this matter or complain of its submission to the jury, by an instruction of the court, as a ground of defense, on our first reading of the voluminous and clumsily written contract the omission of the provision in question escaped our attention.

It was decided in the recent case of Runyon, etc., v. Culver, etc., 168 Ky. 45, that a contract is not invalid, nor is the promisor discharged, merely because it turns out to be difficult, unreasonable, dangerous or burdensome, or even impossible of performance. Where the performance becomes impossible subsequent to the making of the contract, the general rule is that the promisor is not, therefor, discharged. Where the law creates a duty or charge and the party is disabled to perform it, without any fault in him, there the law will excuse him; but where the party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding an accident by inevitable casualty, because he might have provided against it by his contract. To the same effect are the following cases: Beatty & Skinner

v. Scrivner, 19 Ky. 139; Bohannon v. Lewis, 19 Ky. 380; Singleton v. Carroll, 29 Ky. 527; Helburn v. Mofford, 70 Ky. 174; Home Ins. Co. v. Wood, 139 Ky. 657; Gravel Switch, etc. Tel. Co. v. Lebanon, etc. Tel. Co., 139 Ky. 157; 2 Parsons on Contracts, 673; 9 Cyc. 625, 627, 628; A. & E. Enc. of Law, 2d Ed., Vol. 1, page 588; Beebe v. Johnson, 19 Wend. (N. Y.) 500.

It follows from what has been said that in the absence of a provision in the contract entitling appellants to excuse such delay in their performance as may have resulted from extraordinary weather conditions, such ground of defense could not be relied upon by them; hence, upon another trial of the case, the circuit court should exclude such evidence as may be offered in support thereof and omit the giving of the former instruction submitting to them that question.

To the extent indicated the opinion is modified. In other respects the conclusions expressed in the opinion are adhered to; and the petition for rehearing, except as to the modification of the opinion referred to, is overruled.