### Miller v. Johns et al.

March 10, 1942.

As Modified on Denial of Rehearing June 9, 1942.

Frank A. Garlove and Jos. J. Kaplan for appellant.

Woodward, Dawson & Hobson, Grafton & Grafton and Wilbur Fields for appellees.

Opinion of the Court by Judge Cammack—Reversing.

Dr. Harold F. Miller and Mentz Johns entered into the following contract on January 4, 1937:

> "Entered into this 4 day of Jan. 1937 between Mentz Johns, 454 Seneca Street, Louisville, Kentucky, spoken of as party of the first part and Dr. Harold F. Miller, 4426 Park Blvd., Louisville, Kentucky, spoken of as party of the second part.

> "Be it agreed at here and now that the party of the first part is to begin on 1-5-37 and proceed in an orderly and safe manner without interruption and until the specified job is complete unless such delay shall be forced by the unavoidable elements. The party of the first part is to grade down to street level the lots located on the South east corner of Barrett and Winter Avenues, known as 1029-1031-

1033 Barrett Avenue, 80 feet on Barrett Avenue by 100 ft. on Winter Avenue. The grade is to be carried through smooth and level and the banks cut in a plumb manner using every precaution to prevent a slip or break. All bricks or other usable materials which come out of the basements, or sewer pipes, etc. shall be retained by the party of the second part. The party of the first part shall have the right to sell or dispose of the dirt in any manner or place as he sees fit. All of the stumps, tree roots and other waste materials shall be hauled away and disposed of.

"The party of the second part is to pay in cash to the party of the first part on the completion of this job to the satisfaction of the leasing parties, The Phillips Petroleum Company, four hundred and fifty dollars ($450.00). This job is to be completed within twenty (20) working days.

"Columbia Const. Co.
"Signed by J. L. Conrad
"Mentz Johns
_____
"Party of the first part
"Signed Harold F. Miller
_____
"Party of the second part"

Dr. Miller alleged that: The Columbia Construction Company, through its authorized agent, J. L. Conrad, and with the knowledge and consent of himself and Johns, assumed and agreed to carry out the provisions of the contract; he was informed and believed that the Columbia Company, through Conrad, sublet a part of the work to the Highland Construction Company, which demanded of him $150 for work done by it under its agreement with the Columbia Company; the Columbia Company and Johns failed and refused to complete the job; he demanded of both parties the completion of the work, and upon their failing to do so he was compelled to ask for and consider bids from other parties; the Charles E. Cannell Company undertook to and did complete the job for $1,845 upon the refusal of the Columbia Company and Johns to complete it; and by reason of the breach of the contract by the Columbia Company and Johns, in order to have the unfinished work completed pursuant to his agreement with them, he was forced to and did pay $1,845 to the Cannell Company and is called

upon to pay $150 to the Highland Company. Dr. Miller is seeking to collect $1,545 from Johns and the Columbia Construction Company for the alleged breach of the contract.

After the issues were joined and the statements of counsel were heard, the trial judge directed a verdict in favor of the Highland Construction Company for $150, and directed further that the jury find for the Columbia Construction Company and Johns. In overruling a motion to file an amended and supplemental bill of exceptions which set forth the statement of the case by Miller's attorney, the trial judge said:

"As an explanation of record, plaintiff's motion to file, Jan. 14, 1941, an 'Amended and Supplemental bill of exceptions' was overruled, because at the trial of the case, in acting on the opening statements, I considered only the written contract upon which the suit was based. The effect was the same as it would have been had the demurrer to the petition been sustained originally. That contract is in the record. The question on appeal will be as to the soundness of my interpretation of the contract. The presentation in the appellate court of the pivotal point does not require the supplemental bill tendered. It would have been better had I set aside the order overruling the demurrer and sustained it."

It can be seen from this order that we have before us only the question of the correctness of the lower court's rulings in finding for the Columbia Construction Company and Johns on the contract. We consider, therefore, only the petition and the contract which is set forth bodily therein.

We will take up first the ruling as to Johns. The memorandum opinion of the trial judge shows that he took the position that there was a mistake on the part of both parties relative to the subject matter of the contract, and therefore there was no meeting of the minds, since neither party contemplated striking rock, and further "the contract itself, its own language, tends strongly to indicate that all that Johns undertook to do was to remove the dirt; that he did not undertake to remove any rock that might be under the surface." We can not agree with this interpretation of the contract, because we do not think it can be said as a matter of law that the

contract covered only the moving of earth. What may develop on the trial of the case on its merits is beside the point. The contract calls for the doing of a specific job, namely, the grading of certain lots to street level, the grade "to be carried through smooth and level and the banks cut in a plumb manner using every precaution to prevent a slip or break." The contract did not involve any unusual undertaking. The parties are sui juris and are bound by their lawful contracts. The mere fact that rock was encountered and the undertaking became a difficult and burdensome one does not make the contract invalid. It can not be contended that the contract was impossible to perform because, as a matter of fact, the Cannell Company completed the job. Clearly this was a "chancing" contract. The position of this Court on such contracts is well set forth in Highland Motor Transfer Company v. Heyburn Bldg. Co., 237 Ky. 337, 35 S. W. (2d) 521, 522, although that case involved a question of fraud not present in this case as it now stands. In that case it was said:

"* * * It is the law as written by this court that where a contractor undertakes to excavate a lot his contract is known as a 'chancing' contract, but that rule applies only in cases where the difficulties encountered are natural and could not reasonably have been anticipated by either of the parties to the contract. If the natural formations are different from what was expected by the contractor, he can not claim extra compensation because of the increased cost of doing the work. But we find no case applying the rule where there is an artificial obstruction concealed under ground which was known to the owner and unknown to the other parties. Here we have hidden concrete and marble well concealed by the surface of the lot, and that surface, according to the allegations of the petition, which concealed the obstruction, had been made by the owner."

See also Stevens & Elkins v. Lewis, Wilson, Hicks Co., 168 Ky. 648, 182 S. W. 840; Runyon v. Culver, 168 Ky. 45, 181 S. W. 640, L. R. A., 1916F, 3; Stevens & Elkins v. Lewis, Wilson, Hicks Co., 170 Ky. 238, 185 S. W. 873; Swiss Oil Corporation v. Riggsby, 252 Ky. 374, 67 S. W. (2d) 30. It follows from what has been said that it was error to find for Johns on the face of the contract.

We turn now to the Columbia Construction Com-

pany's phase of the case. An examination of the foregoing contract shows that the Company's name does not appear in the body of the instrument though it does appear at the end of it above the name of Johns and above the line denoted "Party of the first part." The contract is not one that is required to be in writing, and it is our view that, even if the instrument were not set forth in the petition, the allegations are sufficient to warrant the submission of evidence as to the Company's connection with the enterprise. We have noted that Dr. Miller charged that the Company, through its authorized agent, assumed and agreed to carry out the contract; that its agent sublet the work to the Highland Company; that the Company and Johns failed and refused to complete the agreement after he demanded that they do so; and that by reason of the breach of the contract by the Company and Johns he was forced to readvertise the work and pay $1,845 for its completion in addition to the amount claimed by the Highland Company. As indicated, we think the allegations are sufficient to stand the test of the Company's demurrer, even if there had been no written contract. But since there is a written contract, and if it be contended that Dr. Miller's suit was based upon it, we are still of the opinion that the allegations are sufficient to show the purpose for which the Company's name appeared on the contract. We are not in accord with the view of the trial judge that, as a matter of law, the Company was not a party to the contract; the jury should decide that question.

Counsel for the Company insist that, since the contract contains bilateral or mutual undertakings on the part of Dr. Miller and Johns, no reference being made to the Construction Company, it is complete within itself and capable of performance by Dr. Miller and Johns. They admit, however, that it would be possible in such a case to show that the third party signing the instrument had bound himself by some other writing or by a subsequent verbal undertaking, but they insist that there is no allegation of existence of any agreement or undertaking on the part of the Company unless it be contained as a matter of law in the contract quoted in the petition. As indicated, we are not in accord with the narrow construction placed upon Dr. Miller's petition by the Company. There is the charge that the Company assumed and agreed to carry out the contract, that its agent sublet the work and that the Company and Johns refused

to complete the work pursuant to the agreement with them, all of which was admitted by the demurrer. And it must be remembered that we are considering the case as though the demurrer had been sustained to the petition.

Having reached the conclusions heretofore mentioned, it is unnecessary for us to enter upon a discussion of the able argument of counsel for the Company to the effect that:

"A written contract is not binding upon one who is not named as a party thereto, where there is nothing in the contract showing any consideration affecting him or inducing him to become a party, or showing relations to either party which could lead to the inference that he was a surety or joint promisor with one rather than the other original party, and where the contract is bilateral and complete on its face."

We may say in passing, however, that we would be very reluctant to hold, as a matter of law, that, when the name of a person appears upon a contract under circumstances similar to those under which the Columbia Company's name appears upon the contract in question, the contract is not binding upon him, but, as we have indicated above, the converse is not necessarily true.

Wherefore, the judgment is reversed with directions to set it aside and for proceedings consistent with this opinion.

Whole Court sitting.