**CODELL CONSTRUCTION COMPANY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1977.

As Modified Oct. 28, 1977.

Rehearing Denied Jan. 6, 1978.

Discretionary Review Denied June 6, 1978.

William D. Lambert, Ogden, Robertson & Marshall, Louisville, for appellant.

Dandridge F. Walton, Asst. Atty. Gen., Charles D. Moore, Jr., Robert C. Fields, Dept. of Transp., Frankfort, for appellee.

Before COOPER, REYNOLDS and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This is an appeal from a summary judgment which denied relief to a contractor who relied on information furnished by the Highway Department in connection with bids for the construction of grade, drainage and related work on Interstate 71 in Oldham County. The Highway Department advertised on May 10, 1967, for the construction work and bids were due twenty-three calendar days thereafter. In addition to ninety-one other items of work, the project involved a bid item of 2,122,718 cubic yards of unclassified roadway excavation in the construction of approximately eight miles of interstate highway. Among the bid documents provided by the Highway Department to prospective bidders was a profile showing the line where rock would be encountered. Printed on the plans and contained in the contract documents were specific disclaimer statements to the effect that the information with respect to rock and earth, was solely for the Department's information and not to be taken as an indication of classified excavation, or the quantity of either rock or earth or any other material involved. The appellant was the successful low bidder for the job. During the construction, appellant put the Department on notice by a letter dated February 28, 1968, that it would claim additional compensation as soon as it had exact information as to the quantities and costs involved. The first time the appellant learned what the Highway Department was willing to pay under the contract was on February 17, 1972, the date appellant received the proposed "final estimate". This estimate indicated that the Highway Department was unwilling to pay for the claimed overrun of rock actually excavated.

Thereafter, appellant made a claim for compensation for the additional work because of changed conditions. This claim was denied by the District Engineer and by the Commissioner of Highways. This suit was commenced in the Franklin Circuit Court on January 5, 1973. The Highway Department moved for summary judgment. The trial court, in a memorandum opinion dated November 8, 1974, held that the disclaimer was effective and that there was no justification for reliance on the furnished estimates. The court indicated that a summary judgment should be entered and thereafter, on January 28, 1975, a final order and judgment was entered dismissing appellant's complaint. A notice of appeal was filed February 27, 1975. The Supreme Court transferred this case to the Court of Appeals on January 31, 1977.

The questions presented are as follows:

1) Whether the trial court committed reversible error in granting a summary judgment.

2) Whether an express disclaimer as to the accuracy of information contained in construction drawings and related bid documents precludes recovery for extra compensation by a contractor who relies thereon.

3) Whether the Franklin Circuit Court had jurisdiction over the subject matter.

■ This Court affirms the judgment of the trial court. There exists no genuine issue of material fact and the appellee is entitled to judgment as a matter of law. The trial court had jurisdiction to hear the instant case pursuant to KRS Chapter 44 of the Contract Claims Statute.

The fundamental consideration which must be reviewed in this matter is whether the contractor unjustifiably relied on the information provided by the Highway Department.

■ Generally government agencies can provide bidders with estimates and other related information without incurring a risk of liability as to the accuracy of such information and estimates, only so long as their intent to do so is made clear by an express and unqualified disclaimer as to the accuracy of the information.

■ In this situation the appellant was awarded the construction project contract only after it was determined that they had submitted the lowest and best bid as a result of the competitive bidding process. The final contract that resulted from the acceptance of the bid is not ambiguous, and is therefore, not susceptible to any reformation or other rewriting by this Court. The record does not disclose any misrepresentation of facts or withholding of material information in connection with the drawings, plans, specifications or other data furnished by the Department. The Highway Department, for its own purposes, made tests of the soil conditions and published the results with an express and unqualified disclaimer as to any guarantee of their accuracy. Clearly, this put any bidder on notice as to its obligation to make its own private investigation to determine the classification and quantities of the materials to be exca-

vated. The disclaimer clearly indicated that the parties should have realized that the estimates might well be inaccurate. Other bidders were also obliged to take the risk of inadequate estimates into account in presenting their bid. It is well settled in Kentucky that, in the absence of ambiguity, a contract will be enforced according to its terms.

■ The rule in construing contracts to which the government is a party is to resolve all ambiguities, presumptions and implications in its favor. Where the public interest is affected, an interpretation is preferred which favors the public. *Louisville & Jefferson County Metropolitan Sewer District v. St. Matthews Sanitary Association*, 307 Ky. 348, 208 S.W.2d 490 (1948). In the instant case there is a substantial public interest in providing the work at the least possible cost.

■ Ordinarily, a contractor or bidder is presumed, in the absence of an express provision to the contrary, to have examined the risk of unforeseen events occurring during the course of the work. *O'Neill Construction Co. v. City of Philadelphia*, 335 Pa. 359, 6 A.2d 525 (1939).

■ The express and unqualified disclaimer that was made a part of the contract documents, as found in Article 103.1.2 of the specifications and also in the plans by a special note, clearly put the bidders on notice of their obligation to make a private investigation. In a situation where the information and representations are intended to be suggestive of construction conditions, or the contract provides that they are to be taken as estimates only, then the governmental agency is not to be held accountable for variances which may be encountered on the job when there is no deliberate misrepresentation or fraud involved. See: *Wunderlich v. State, Ex. Rel.*, 65 Cal.2d 777, 56 Cal.Rptr. 473, 423 P.2d 545 (1967) and *J. A. Thompson & Son, Inc. v. State*, 51 Haw. 529, 465 P.2d 148 (1970) and *State Highway Department v. McDougald Construction Co.*, 102 Ga.App. 254, 115 S.E.2d 863 (1960).

The doctrine of unjust enrichment has no application in a situation where there is an explicit contract which has been performed. *Ashton Contractors & Engineers, Inc. v. State of Arizona*, 9 Ariz. App. 564, 454 P.2d 1004 (1969). In the instant situation the contractor bid and entered into a bad bargain in the final analysis, but this Court has no basis to salvage the operation. Unanticipated difficulties in completing the contract do not give rise to subsequent awards when the parties are in an equal position as to knowledge and information surrounding the contract. *Miller v. Johns*, 291 Ky. 126, 163 S.W.2d 9 (1942).

The appellant's arguments that in Kentucky fraud is presumed and need not be pleaded in relation to a case involving land deficiencies, where the deficiency was 10% or more *Maxwell v. Moorman*, Ky., 522 S.W.2d 441 (1975), would require an extension of that doctrine to the construction and bidding area of the law. A careful review of this record does not support the application of such an extension in this situation. Moreover, this record does not support the appellant's contention that a disclaimer is not effective where gross mistake occurred. *Cincinnati Southern Railway v. Cummings*, 6 K.L.R. 442, 13 Ky.Opin. 126 (1884).

The record does not disclose any evidence for the allegation that the superior bargaining position of the Commonwealth, and the absence of adequate time for the appellant to make an independent investigation relative to the accuracy of the Commonwealth's information should be considered as a valid argument in this case. The appellant, or the other bidders, were not compelled to bid on this particular project. If their examination of the bid documents and the total project indicated that the time provided for bidding was not sufficient, then they could have refused to bid or have asked for more time. They did neither. *Scherrer v. State Highway Commission*, 148 Kan. 357, 80 P.2d 1105 (1938) and *MacArthur Bros. Co. v. United States*, 258 U.S. 6, 42 S.Ct. 225, 66 L.Ed. 433 (1922).

This claim was made in a timely fashion and the trial court was correct in not dismissing the matter because of the statute of limitations provision of KRS 44.-310. The cause of action did not arise until February 17, 1972, when the Commonwealth advised the appellant of what it was willing to pay. The claim was then made by the appellant on August 30, 1972.

The trial court was correct in granting the appellee's motion for summary judgment because there was no genuine issue of a material fact and the appellee was entitled to a judgment as a matter of law.

All concur.