H. E. CUMMINS AND SONS CONSTRUCTION COMPANY, an Oklahoma Corporation, Appellant,

v.

The TURNPIKE AUTHORITY of Kentucky, the Commonwealth of Kentucky, Department of Transportation, Bureau of Highways and all other Boards, Bureaus, Agencies or Commissions which, in any Manner, Directly or Remotely had any Authority, Contractual or otherwise in Connection with the Structure Described in the Complaint, Appellees.

Court of Appeals of Kentucky.

Oct. 28, 1977.

As Modified Oct. 31, 1977.

Discretionary Review Denied April 4, 1978.

Lovett, Wible & Lamar, Owensboro, Joseph J. Leary, Frankfort, for appellant.

Ed W. Hancock, Charles D. Moore, Jr., Sherman Goodpaster, III, Dept. of Transp., Frankfort, Robert F. Stephens, Atty. Gen., Frankfort, for appellees.

Before PARK, WHITE and WINTERSHEIMER, JJ.

PARK, Judge.

In this action, the plaintiff-appellant, H. E. Cummins and Sons Construction Company (Cummins), seeks to sue the defendant-appellee, the Turnpike Authority of Kentucky, for work performed under a contract for the construction of a part of the Green River Parkway. The Franklin Circuit Court held that the Turnpike Authority was entitled to the defense of sovereign immunity under the section 231 of the Kentucky Constitution. The trial court also concluded

that the Turnpike Authority could be sued only under the provisions of the Contract Claims Act, KRS 44.260 to 44.330. As the action had not been brought within the time provided by KRS 44.310, the trial court dismissed the action.

Although the Commonwealth of Kentucky and various named and unnamed agencies are specified as appellees in the notice of appeal and in the statement of appeal, Cummins concedes that there was no compliance with the Contract Claims Act. In its brief and during oral argument, Cummins questioned only the dismissal of the claim against the Turnpike Authority. Therefore, we need not consider whether the trial court erred in dismissing the complaint against the other defendants.

On this appeal, the parties have directed almost all of their attention to the question whether the Turnpike Authority is entitled to invoke the doctrine of sovereign immunity in a contract action. Citing such cases as *Gross v. Kentucky Board of Managers,* 105 Ky. 840, 49 S.W. 458 (1899), Cummins asserts that a quasi public corporation such as the Turnpike Authority is not protected by the doctrine of sovereign immunity. Even if incorrect in this respect, Cummins asserts that the legislature has given its consent to suits against the Turnpike Authority, citing the enabling statute which provides that the Turnpike Authority has the power to "sue and be sued." KRS 175.430. In answer to these arguments, the Turnpike Authority cites *Edgar H. Hughes Co., Inc. v. Turnpike Authority of Kentucky,* 353 F.Supp. 1105 (E.D.Ky.1973), for the proposition that the Turnpike Authority is the alter ego of the State of Kentucky. Hence, the Turnpike Authority asserts that it is entitled to the defense of sovereign immunity under the principles laid down in *Foley Construction Co. v. Ward,* Ky., 375 S.W.2d 392 (1963). In particular, the Turnpike Authority relies on that portion of the *Foley Construction Co.* case which cites a Maryland decision for the proposition that authority "to sue and be sued" does not constitute a waiver of sovereign immunity.

Cummins makes a very persuasive argument that the Turnpike Authority is not entitled to the protection of the doctrine of sovereign immunity. In *Turnpike Authority of Kentucky v. Wall,* Ky., 336 S.W.2d 551 (1960), the court held that the bonds issued by the Turnpike Authority were not debts of the Commonwealth within the debt limitation section of the Kentucky Constitution. If the Turnpike Authority had sufficient independent existence for debt limitation purposes, it would seem that it would have sufficient independence to place it outside of the scope of sovereign immunity. However, this court need not decide that question.

The trial court dismissed the action because Cummins had not complied with the provisions of the Contract Claims Act. The question before this court is whether a contract action against the Turnpike Authority must be brought pursuant to the Contract Claims Act. This question requires an examination of the provisions of the Contract Claims Act and the nature of the Turnpike Authority.

KRS 44.270(1) fixes venue of an action against the Commonwealth on "a lawfully authorized written contract with the commonwealth" in the Franklin Circuit Court. KRS 44.260 defines "commonwealth" to mean "the commonwealth of Kentucky and any of its departments or agencies." This court, therefore, must determine whether the Turnpike Authority is an agency of the Commonwealth.

Cummins relies upon the provisions of KRS 175.430(1) for the power of the Turnpike Authority to "sue and be sued." However, when the remainder of that statute is considered, it is apparent that the Turnpike Authority is an agency of the Commonwealth. KRS 175.430(1) provides:

The governor, the lieutenant governor, the commissioner of highways, the state engineer, and the attorney general, and their respective successors in office, shall be a body corporate and politic constituting a public corporation and *governmental agency* and *instrumentality of the commonwealth* by the name of "The

Turnpike Authority of Kentucky," with perpetual succession and with power in that name to contract and be contracted with, sue and be sued, have and use a corporate seal, and exercise, in addition to the powers and functions specifically stated in this chapter, all of the usual powers of private corporations to the extent that the same are not inconsistent with specifically enumerated powers. (emphasis added).

We conclude that the Turnpike Authority is an agency of the Commonwealth and that any contract action against the Turnpike Authority must be brought pursuant to the provisions of the Contract Claims Act.[1]

█ Without regard to the question of sovereign immunity, the legislature has the express power to enact legislation fixing venue and limitations for all actions including contract actions brought against an agency of the Commonwealth. Ky.Const., § 231. In its action against the Turnpike Authority, Cummins was bound by the limitations provided by KRS 44.310. We need not decide whether the Turnpike Authority would have been subject to suit if the legislature had not enacted the Contract Claims Act.

As Cummins' action was barred by the provisions of the Contract Claims Act, the circuit court did not err in dismissing the action. The judgment of the circuit court is affirmed.

All concur.

---

1. As enacted in 1976, KRS 175.425 provides that the Turnpike Authority is created "solely to perform essential governmental functions." The statute further provides that, "the turnpike authority of Kentucky shall be and constitute a de jure municipal corporation and political subdivision of the commonwealth of Kentucky."