Rudy KOVACHEVICH, M. D., Ph.
D., Appellant,

v.

UNIVERSITY OF LOUISVILLE,
Appellee.

Court of Appeals of Kentucky.

March 28, 1980.

Thomas L. Hogan, Louisville, for appellant.

Robert F. Matthews, John H. Stites, III, Greenbaum, Doll & McDonald, Louisville, David L. Baker, University Counsel, University of Louisville, Louisville, for appellee.

Before LESTER, WHITE and WILHOIT, JJ.

LESTER, Judge.

This is an appeal from an adverse judgment entered upon the pleadings pursuant to CR 12.02 and disposed of as a summary judgment (CR 56).

In 1975 the appellee adopted a Medical Professional Practice Plan whereby all faculty members of the medical school, as part of their contracts of employment, were to report their income from any practice outside of the full-time teaching duties to the University and to pay a percentage thereof (5% to 45%) to the school. Monitoring of the program was accomplished by filing with the plan administrator copies of income tax returns. Participation was mandatory and became effective in 1976. Since the provisions of the plan are not under attack we will not detail them here.

Dr. Kovachevich received his 1977 employment contract which incorporated the plan and he refused to execute it. Through the appropriate University procedures he was discharged in May, 1978.

On June 27, 1979, appellant brought a declaratory judgment action based upon his contract of employment with appellee seeking to have the clause incorporating the provisions of the plan declared illegal as being against public policy; reinstatement with tenure and other employment benefits and a permanent injunction against similar future action. The school moved to dismiss the action upon the theories of sovereign immunity and the one year statute of limitations. Since the foundation of this litigation is contractual in nature and Kovachevich alleged "[t]herefore, it is subject to suit for breach of contract under KRS 44.270(1) and cannot assert governmental immunity from suit in state court in a nonmonetary claim" we can only assume that this case is brought under the Contract Claims Act or the Model Procurement Code.

The contract in question was for the academic year 1977 which began on July 1, 1976, and ended June 30, 1977. KRS 44.270 in effect at the time could authorize such litigation but KRS 44.310 required any case to be brought within one year from the date of completion of the contract. Thus appellant would have to had his action filed by the end of June, 1978, which he did not do for it was commenced on June 27, 1979. It would be of little avail to Kovachevich to argue that the matter was brought under the Model Procurement Code, the successor provision to KRS 44.270 being KRS 45A.245 (the former being repealed effective January 1, 1979), for KRS 45A.260 provides for the same one year limitations on contract suits as did KRS 44.310.

The complaint, the motion to dismiss, and the briefs all deal extensively with the issue of sovereign immunity but we are not compelled to deal with the question for as was pointed out in *H. E. Cummins and Sons Construction Company v. Turnpike Authority*, Ky.App., 562 S.W.2d 651, 653 (1977):

> Without regard to the question of sovereign immunity, the legislature has the express power to enact legislation fixing venue and limitations for all actions including contract actions brought against

an agency of the Commonwealth. Ky. Const., § 231. In its action against the Turnpike Authority, Cummins was bound by the limitations provided by KRS 44.310. We need not decide whether the Turnpike Authority would have been subject to suit if the legislature had not enacted the Contract Claims Act.

Since the contention concerning venue was not raised in the trial court it will not be reviewed on appeal.

The judgment is affirmed.

All concur.