## BLUEGRASS CONCRETE CONSTRUCTION COMPANY, INC., Appellant,

v.

## COMMONWEALTH of Kentucky, Transportation Cabinet, Department of Highways, Appellee.

Court of Appeals of Kentucky.

Aug. 19, 1983.

Case Ordered Published By Court of Appeals Oct. 7, 1983.

Rehearing Denied Nov. 4, 1983.

Discretionary Review Denied March 21, 1984.

Eugene L. Mosley, David J. Beyer, Nold, Mosley, Clare, Hubbard & Rogers, Louisville, for appellant.

Charles D. Moore, Jr., David W. McLellan, Jr., Transp. Cabinet, Commonwealth of Kentucky, Frankfort, for appellee.

Before GUDGEL, HOWARD and PAXTON, JJ.

HOWARD, Judge.

This appeal is from a dismissal in Franklin Circuit Court of a contractor's claim against the Department of Highways on the basis that the contractor failed to file a claim within the one-year statute of limitations provided in K.R.S. 45A.260.

On July 12, 1979, appellant Bluegrass Concrete Construction Company entered into a contract with appellee Department for construction of the Kentucky 467 Sparta-Glencoe road and approaches in Gallatin County. Appellant states that Bluegrass relied on its bid on plans for construction furnished by the appellee Department which included information that an L & N railroad track adjacent to the construction site had a 16½ foot right-of-way from the center of the track. After the project started, appellant states that they discovered the right-of-way was in fact 33 feet and construction therefore included excavation on the L & N railroad right-of-way. Appellant alleges in the complaint and statement of facts in their brief that they incurred additional expenses in order to complete the project on time. They were required by L & N Railroad to install shoring and cribbing materials to shore up the railroad right-of-way and were additionally required by their insurer to purchase railroad protective liability insurance. Appellant Bluegrass wrote appellee on October 23, 1979, and October 26, while the work was in progress, concerning the problem, and again made claim for additional payment after completion of the work prior to final payment under the contract. The disputed sum was $8,211.48. The appellee apparently denied liability for additional costs but agreed to pay for the railroad liability insurance appellant had to purchase.

On June 17, 1980, the appellee issued a document titled Formal Acceptance Report of Completed Construction citing May 15, 1980, as the date on which all work on the project was completed. Appellant continued to write employees of the appellee concerning resolution of the claim of additional

compensation including letters on September 25, 1980, November 19, 1980, and February 9, 1981. On March 11, 1981, R.L. Guidi, the district construction engineer for appellee, sent a letter to appellant which stated, "The Department of Transportation, Division of Construction Claims Committee has reviewed and hereby denies your claim .... As a final administrative action, you may appeal this decision directly to Mr. Dean Huff, Commissioner of Highways. In the event of further rejection at that level, your last option would be to seek recourse in a court of law."

Thereafter, appellant sent a petition of appeal to Dean Huff. Appellant wrote Dean Huff on December 18, 1981, and June 15, 1982, requesting information concerning disposition of the case. On June 30, 1982, Dean Huff, on behalf of appellee, denied appellant's claim for additional compensation but agreed to pay reimbursement for purchase of the railroad liability protective insurance.

Appellant filed a complaint in Franklin Circuit Court on September 9, 1982, against appellee Commonwealth of Kentucky, Bureau of Highways, Department of Transportation (now Transportation Cabinet, Department of Highways). The appellee Department filed a motion to dismiss on September 30, 1982, alleging that the court lacked jurisdiction of the subject matter of the case as the statute of limitations on filing the suit had run and further alleging insufficiency of process and insufficiency of service of process as the appellant Bluegrass had failed to serve the Attorney General or Assistant Attorney General under CR 4.04(6).

After hearing the motion to dismiss, on October 19, 1982, Franklin Circuit Court Judge Henry Meigs II entered an opinion and order dismissing the complaint on the basis that appellant Bluegrass failed to timely file the complaint and therefore the court lacked jurisdiction to hear the matter. It is from that order that appellant appeals. We affirm.

The appellant initially argues that the trial court erred by concluding that it lacked jurisdiction due to the failure of appellant to timely file the claim. K.R.S. 45A.245 through 260 sets out the procedures whereby any person, firm or corporation with a lawful contract with the Commonwealth may bring an action regarding the contractual relationship. The action shall be brought in Franklin Circuit Court and K.R.S. 45A.260 specifies:

Limitations on claims. Any such claim shall be commenced in Franklin Circuit Court within one (1) year from the date of completion specified in the contract.

There have been two cases decided by this Court that interpret this clause. The appellant relies on *Codell Construction Co. v. Commonwealth*, Ky.App., 566 S.W.2d 161 (1977), and the appellee relies on *H.E. Cummins & Sons Construction Co. v. Turnpike Authority*, Ky.App., 562 S.W.2d 651 (1977). In *Codell*, a contractor sought additional compensation for work performed for the Commonwealth. The appellant asked for the additional funds on February 28, 1969, and presented the claim to both the district engineer and the Commissioner of Highways. On February 17, 1972, almost three years later, the contractor was advised of what the Commonwealth was willing to pay. Codell then sued in Franklin Circuit Court on January 5, 1973. The Commonwealth moved to dismiss alleging that the claim was barred by a one-year statute of limitations in K.R.S. 44.310, the predecessor to K.R.S. 45A.260. The Court of Appeals held at page 165 that:

This claim was made in a timely fashion and the trial court was correct in not dismissing the matter because of the statute of limitations provision of KRS 44.310. The cause of action did not arise until February 17, 1972, when the Commonwealth advised the Appellant of what it was willing to pay.

The appellant argues that his cause of action did not arise until June 30, 1982, when the Bureau of Highways notified ap-

pellant of its intent to pay the insurance costs and deny payment of the additional work costs.

The appellee argues that the case of *H.E. Cummins, supra,* controls the result in this situation. The *Cummins* case was decided a week after the *Codell* decision and appears to have an opposite result. On page 653 of the decision in *H.E. Cummins,* the court holds:

> We conclude that the Turnpike Authority is an agency of the Commonwealth and that any contract action against the Turnpike Authority must be brought pursuant to the provisions of the Contract Claims Act.
>
> . . . .
>
> Without regard to the question of sovereign immunity, the legislature has the express power to enact legislation fixing venue and limitations for all actions including contract actions brought against an agency of the Commonwealth. Ky. Const., § 231. In its action against the Turnpike Authority, Cummins was bound by the limitations provided by KRS 44.-310.

K.R.S. 45A.260 was enacted in 1966, Chapter 180 § 6, amended and reenacted in 1974, Chapter 181 § 5, and repealed and reenacted in 1978, Chapter 110 § 52, effective date January 1, 1979. The original enactment provided, "Any such claim shall be commenced within one year after the claim accrues or within ninety (90) days after the final adverse agency decision made pursuant to a regulation or clause in the contract, whichever occurs later."

Chapter 180, Section 2 of the same act requires that remedies under the contracting agency or clauses of the contract be exhausted before a claim is presented to the Franklin Circuit Court. Provision is made in the same chapter to appeal from any record of any agency hearing. Section 3 gives an agency or department of the Commonwealth the power to promulgate hearing rules and procedures and mandates the hearings be conducted by a hearing officer who is an attorney and requires the use of the formal rules of evidence.

Comparison of this act with the amended version passed in 1974 reveals a major shift in policy by the legislature. Every reference to agency appeals and remedies has been removed. The 1974 version of K.R.S. 44.310, Section 5, which is identical to the renumbered K.R.S. 45A.260 states, "Any such claim shall be commenced *in Franklin Circuit Court* within one (1) year from the date of completion specified in the contract." [Emphasis added.]

*Codell, supra,* was filed in Franklin Circuit Court in 1973, and would therefore have been governed in the statute of limitations by the 1966 version of K.R.S. 44.310 which requires the appeal to be filed after final adverse agency opinion. The 1974 version of this statute appears to be the basis for the holding in *H.E. Cummins, supra.* This present case clearly must be decided under the new enactment of the statute of limitations.

It becomes important here to consider the event which sets the year limitation in motion. Appellant argues that his cause of action arose when the appellee denied his claim for compensation. If the old statute had remained in effect, that clearly would have been the case. However, the legislature has specifically removed any reference to administrative appeal and hearing. The apparent intent of the statute is to make direct suit in Franklin Circuit Court the only remedy for settlement of contract disputes. Therefore, the appellant had one year from the date of completion specified in the contract. The contract herein, signed July 12, 1979, provides that the work "shall, in good faith, be commenced within the time set forth in the 1976 Standard Specifications and be completed not later than 70 working days." It is uncontested that appellee issued a document titled Formal Acceptance Report of the Completed Construction which lists May 15, 1980, as the date that all work had been completed. Appellant would therefore have had one year from May 15, 1980, or until May 15, 1981, to file his claim in Franklin Circuit Court. He did not meet that deadline.

The appellant relies on the case of *Commonwealth of Kentucky, Department of*

*Transportation, Bureau of Highways v. Allpoints Construction Co.,* Ky.App., 566 S.W.2d 171 (1977), for support of his position that his claim had not accrued until final disposition by the appellee. However, *Allpoints* was decided on a different statute of limitations, namely K.R.S. 44.110 which provides, "A claim must be presented to the Board (of Claims) within one year from the time it is accrued." This statute contemplates administrative remedy which has been specifically barred by the legislature in K.R.S. 45A.260.

The other cases relied on by the appellant for his arguments on exhaustion of administrative remedy also are inapplicable since the appellant has no right to administrative process in this case. It is unfortunate that appellant was apparently misled by the appellee's letter of March 11, 1981, which appears to set out a route of agency appeal. That reliance cannot overset current clear legislative intent to restrict contract disputes resolution to Franklin Circuit Court.

For the foregoing reasons, the judgment of the trial court is affirmed.

All concur.