EDWARD E. GILLEN COMPANY, Plaintiff-Appellee, Cross-Appellant,

v.

EAST KENTUCKY POWER COOPERATIVE, Defendant-Appellant, Cross-Appellee.

Stanley Consultants, Incorporated, Defendant-Appellee.

Nos. 82–5446, 82–5447.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 31, 1983.

Decided Oct. 12, 1983.

Dale W. Henley (argued), Foster J. Collis, Winchester, Ky., William E. Scent, Keith, Scent & Scent, Hopkinsville, Ky., for defendant-appellant, cross-appellee.

Lee J. Geronime (argued), Michael, Best & Friedrich, R. Jeffrey Krill, Milwaukee, Wis., for plaintiff-appellee, cross-appellant.

William H. McCann (argued), G. Benjamin Cowgill, Brown, Sledd & McCann, Lexington, Ky., for defendant-appellee.

Before LIVELY, Chief Circuit Judge, PECK, Senior Circuit Judge, and NEESE, District Judge.*

PER CURIAM.

The defendant East Kentucky Power Cooperative appeals and the plaintiff Edward Gillen Company cross-appeals from judgment entered by the district court following a jury trial in this action by the general contractor on a construction project against the owner and the project engineer. The plaintiff contends that the defendants failed to warn it of soil conditions known to them which caused excessive subsidence re-

quiring the plaintiff to suffer substantial loss of production and to perform extra work in connection with pilings. The plaintiff also sought payment for extra work performed in storing and moving materials from one site to another at the request of the defendant East Kentucky Power Cooperative.

The plaintiff sought recovery for the expenses involved with the soil subsidence on both contract and fraud theories. The district court granted summary judgment for the defendants on the contract claims and submitted the fraud issue to the jury. In doing so the district court relied on two recent decisions of the Kentucky Court of Appeals (now the Kentucky Supreme Court): *Codell Construction Co. v. Commonwealth,* 566 S.W.2d 161 (Ky.App.1977), and *Dravo Corp. v. Commonwealth,* 564 S.W.2d 16 (Ky.App.1977). On appeal the plaintiff argues that these two decisions are not controlling and that it was entitled to have its claim for breach of contract submitted to the jury. Upon consideration the court concludes that the district court properly applied controlling Kentucky law in refusing to submit the breach of contract claim to the jury.

On cross-appeal East Kentucky Power Cooperative contends that it was error for the district court to permit recovery for delay and expense in storing and relocating material because recovery was precluded by the "no-damage for delay" clause in the contract and for the failure of the plaintiff to submit a change authorization request for any additional work. Both of these issues were submitted to the jury which determined by its verdict that neither clause pertained to the factual situation developed at the trial. We agree with the district court that East Kentucky Power Cooperative was not entitled to a directed verdict on this issue and that the issue was properly submitted to the jury under corrected instructions.

* The Honorable C.G. Neese, Senior Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

■ The court also concludes that the district court did not abuse its discretion in allowing prejudgment interest.

The judgment of the district court is affirmed on appeal and cross-appeal.