**JASPER CONTRACTING COMPANY, INC., Appellant,**

**v.**

**COMMONWEALTH of Kentucky (Finance and Administration Cabinet), Appellee.**

**No. 93–CA–002009–MR.**

Court of Appeals of Kentucky.

Dec. 23, 1994.

Jerry Anderson, Barbara F. Anderson, Lexington, for appellant.

Charles D. Wickliffe, Frankfort, for appellee.

Before LESTER, C.J., and GARDNER and SCHRODER, JJ.

SCHRODER, Judge:

Jasper Contracting Company, Inc. (Jasper) appeals from an order rendered June 29, 1993, by the Franklin Circuit Court, granting the defendant's/appellee's motion to dismiss, and from the August 6, 1993 order denying its motion to vacate. Jasper sued the Commonwealth for breach of contract, and the action was dismissed as barred by the statute of limitations, found at KRS 45A.260.

On June 3, 1991, Jasper was awarded a contract by the Finance and Administration

Cabinet (Finance) to perform work on Locks five through nine on the Kentucky River. The contract provided that the work was to be completed on or before October 26, 1991. Because of delays due to weather, fabrication, and grouting, a Change Order, dated December 20, 1991, allowed Jasper 97 additional days, or until January 31, 1992, in which to complete the project. It is undisputed that no other "change orders" were executed between the parties.

However, other writings, in the form of letters from the consulting chief electrical engineer working on the project, have raised questions as to whether the parties extended the date of completion through other means. A May 19, 1992 letter from Central Associated Engineer, Inc. (Central) reiterates that the date of completion was January 31, 1992, but indicates that the locks installed by Jasper would not be operational because the receptacles and plugs used were unsatisfactory. Therefore, assessment of liquidated damages was threatened. Jasper was offered two alternatives, basically to either pay the State for the damaged receptacles or replace the units but face a penalty of $150.00 per day for every day after May 22, 1992, for which the contract was not completed. Central asked for a decision by May 22, 1992, after which time if Jasper had not responded, the State would assume it did not intend to complete the contract.

A June 22, 1992 letter from Central indicated that Jasper had never responded to the prior letter. The letter stated, *inter alia,* "The original date for the completion of the project has already been extended by 97 days till (sic) January 31, 1992. We have waited almost six months past that date, hoping that this additional time would allow you to complete the project."

A March 4, 1993 letter from Finance's Division of Engineering explained that a review proved that the quality and timeliness of Jasper's work was unacceptable. Finance proposed to pay Jasper almost $3,000.00 for the work done and added, "We will install the proper receptacles by some other manner and you will no longer be involved with this project."

Jasper filed suit on April 6, 1993, and Finance moved to dismiss the case based on the statute of limitations. The action was ordered dismissed with prejudice on June 29, 1993. The court found that the statute of limitations began running from the date of completion specified in the contract. Jasper moved to vacate the order, but this motion was denied on August 6, 1993.

Jasper argues that the statute of limitations did not begin to run until the project was completed or terminated and that literal interpretation of KRS 45A.260 leads to an unreasonable result in violation of Section 14 of the Kentucky Constitution. Jasper maintains that its cause of action accrued March 4, 1993, when Finance clearly stated that the project with Jasper was over and informed what it would pay Jasper.

KRS 45A.260 states:

(1) Any claim arising from a construction contract executed and administered by the Transportation Cabinet pursuant to the provisions of KRS Chapters 175, 176, 177 and 180 shall be commenced in Franklin Circuit Court within one (1) year from the time the Commonwealth has determined final pay quantities and issues a final pay estimate to the contracting party, notifying him of its final determination, or from the receipt of a final adverse decision from the Commonwealth, whichever occurs later.

(2) Any other claim shall be commenced in Franklin Circuit Court within one (1) year from the date of completion specified in the contract.

■ Because Jasper's contract was with the Finance and Administration Cabinet, as opposed to the Transportation Cabinet, its claim must have been commenced "within one (1) year from the date of completion specified in the contract." KRS 45A.260(2). The question is whether the parties extended the completion date so as to make Jasper's complaint timely.

Jasper relies on *Bluegrass Concrete Construction Co., Inc. v. Commonwealth,* Ky. App., 664 S.W.2d 936 (1983) and *Codell Construction Co. v. Commonwealth,* Ky.App., 566 S.W.2d 161 (1977) for the proposition that the statute of limitations does not begin

to run until all the work on the project is completed. *Codell* is inapposite because that claim arose under KRS 44.310 [1].

We also disagree with Jasper's interpretation of *Bluegrass.* Appellant construes *Bluegrass* as holding that the cause of action accrues when the project is completed, as opposed to the date specified in the contract, based on the fact that the project in *Bluegrass* was to be completed within 70 days from October 1979, yet the cause of action was held to begin May 15, 1980, the date on which all work was completed. We believe it can be reasonably construed that in *Bluegrass,* the Commonwealth must have authorized an extension on the date of completion specified in the contract. Contrary to Jasper's interpretation, it is clear that the Court's holding was that the date of completion specified in the contract governed the commencement of the statute of limitations. Therefore, Jasper had one year from the date of completion specified in the contract in which to file its claim. We will not depart from the literal interpretation of the statute.

There is a question as to whether the date of completion was extended by the parties beyond January 31, 1992. The statute's implementing regulation, 200 KAR 5:311 § 2, states:

> All changes or modifications to contracts for the purchase of commodities, supplies, equipment and construction services shall be effected by an advice of change in order to the contract which shall be supported by the purchasing officer documenting the reason and basis for the change or modification to the contract. A copy of the advice of change in order and the supporting documentation relative to any change or modification to a contract shall be filed and maintained in the contract file by the purchasing agency.

The only modification to the construction contract which was executed pursuant to this regulation was that evidenced by the December 20, 1991 "Change Order (Advice of Change)". None of the writings offered by Jasper as extending the contract's comple-

tion date conforms with the regulation. There were no other Change Orders, and the letters on which Jasper relies were signed by either a consulting engineer or one of the Finance's engineers, not a purchasing officer. The regulation, like the accompanying statute, must be strictly construed.

We are not persuaded by Jasper's argument that literal interpretation of KRS 45A.260 results in a violation of Section 14 of the Kentucky Constitution inasmuch as it cuts off its claim before it even arose. *See Munday v. Mayfair Diagnostic Laboratory,* Ky., 831 S.W.2d 912 (1992). As of January 31, 1992, and within a year thereafter, Jasper had obviously not been paid. Familiarity with the unambiguously-worded KRS 45A.260 and 200 KAR 5:311 would have informed appellant that his time to file suit had begun to run.

We also cannot agree with Jasper's contention that any of the subsequent letters from the engineers can reasonably be viewed as extending the completion date of the contract. The May 19, 1992 and June 22, 1992 letters reminded appellant that the date of completion was January 31, 1992. The remaining letters informed Jasper that its work did not conform to the specifications of the contract and that if it did not replace the defective items with satisfactory fixtures, another company would take over the work and Jasper would be assessed liquidated damages as necessary. These letters cannot be interpreted as lengthening the completion date of the contract. The work was completed, just not properly. Jasper cannot prosper, via a tolling of the statute of limitations, by its shoddy workmanship.

Accordingly, the decision of the Franklin Circuit Court is hereby affirmed.

All concur.

---

**1.** KRS 44.310 was repealed and reenacted as KRS 45A.260, effective January 1, 1979. By repealing KRS 44.310, the legislature specifically removed any reference to administrative appeal and hearing. *Bluegrass Concrete Construction Co., Inc., supra.*