## FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant,

v.

## COMMONWEALTH of Kentucky, Department of Finance, ex rel. Albert CHRISTEN, Commissioner Gabe Burgett, Jr., and Burgett Construction Company, Inc., Appellees.

Court of Appeals of Kentucky.

Sept. 19, 1969.

Jackson W. White, Landrum, White & Patterson, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Charles D. Wickliffe, Hunter B. Whitesell, Attys., Dept. of Finance, Frankfort, Arthur L. Brooks, Jr., Lexington, for appellees.

EDWARD P. HILL, Jr., Chief Justice.

Appellee Burgett Construction Company, herein Burgett, contracted with appellee Commonwealth of Kentucky, Department of Finance, herein the Commonwealth, to construct a police barracks at Richmond, Kentucky, for $114,141.19, in compliance with which contract Burgett caused to be executed by appellant Fidelity & Casualty Company of New York a performance bond.

After Burgett defaulted on his contract Fidelity completed it. On June 13, 1966, Burgett executed an assignment to Fidelity for all "remaining funds" due under the contract. On June 22, 1966, the Commonwealth accepted the assignment and agreed to pay the balance of $11,439.45 to Fidelity. Thereafter the Commonwealth by mistake or oversight paid Burgett the balance and refused to honor the assignment. Fidelity instituted this action, which resulted in a judgment for the Commonwealth on the theory the Commonwealth was protected by sovereign immunity vouchsafed by section 231 of the Constitution of Kentucky.

We hold that the doctrine of sovereign immunity has no application here, but that the right of Fidelity to maintain the action is authorized by KRS 44.270, "Contract Claims Act," and reverse the judgment with directions to enter judgment for Fidelity for said balance.

We repeat, the date of acceptance of the assignment was June 22, 1966. The Contract Claims Act provides that "[a]ny person, firm or corporation, having entered into a lawfully authorized written contract with the Commonwealth *after June* [16], *1966,* may bring an action against the Commonwealth on a claim for enforcement of contract * * * in the Franklin Circuit Court * * *. All defenses in law or equity, *except the defense of governmental immunity, shall be preserved to the Commonwealth.*" (Emphasis ours.)

Surely it will be conceded the Commonwealth had the authority to enter into the contract accepting the assignment with Burgett. The effect of the acceptance was to substitute Fidelity for Burgett as payee. The Commonwealth having agreed to this substitution should in all fairness honor its agreement. The Contract Claims Act makes it possible that a "person, firm or corporation" contracting with the Commonwealth "may bring an action" to require the Commonwealth to live up to its contractual obligations. When the Legislature excepted "the defense of governmental immunity" as a defense, it waived governmental immunity as it had the authority to do under section 231 of the Constitution.

The judgment is reversed.

All concur.