**Eugene GOSS, Commissioner, Department of Highways, Commonwealth of Kentucky, et al., Appellants,**

v.

**SPARTA STOCKYARDS, INC., Appellee.**

Court of Appeals of Kentucky.

May 12, 1972.

Carl T. Miller, Jr., Don Duff, Dept. of Highways, Frankfort, John J. Blackburn, Covington, for appellants.

Joseph J. Leary, Frankfort, for appellee.

PALMORE, Judge.

This is an action by the appellee, Sparta Stockyards, Inc. (hereinafter Sparta), against the Commissioner of Highways, Commissioner of Finance, and State Treasurer of the Commonwealth to enforce payment of a claim for $21,000 as the agreed price of a property interest conveyed to the state incident to a highway construction project. The essential facts are established by the pleadings.

Sparta owned an access easement to its business premises across certain land ac-

quired by the highway department. The department wished to extinguish the easement, and its negotiations with Sparta culminated in an informal agreement by which Sparta was to convey its interest to the Commonwealth for the price of $21,000. J. Paul Driskell, the departmental representative authorized to negotiate the settlement, thereupon had a deed prepared on a highway department form and caused it to be executed and delivered by Sparta's president on February 13, 1969, following which it was retained in possession by the department until April 23, 1969. On the latter date the deed was mailed back to Sparta by the department's district counsel under a covering letter to the effect that the easement would not interfere with the highway project and its acquisition therefore was unnecessary. Meanwhile, Sparta had dismantled its plant and ceased operating on the premises to which the easement provided its only access. This action followed, and the department now appeals from a judgment granting the relief demanded by Sparta.

The brunt of the department's argument is that in reality the action is against the state for the recovery of money and is prohibited under the doctrine of sovereign immunity, as held in Foley Construction Co. v. Ward, Ky., 375 S.W.2d 392 (1963), and, further, that mandatory relief against ministerial officers to enforce performance of discretionary or non-ministerial acts does not lie.

■ Following the *Foley* decision the General Assembly enacted KRS 44.260 et seq. authorizing the prosecution of claims against the state for the enforcement of contracts and for damages arising from breach of contract. The remedy specified by these statutes is the only procedure under which the state has waived its immunity in contractual disputes. If a state agency purchases materials or services and refuses to pay for them the contractor must proceed accordingly. It is no different when the thing procured is an interest in real estate.

■ When the state disputes the validity or amount of a claim it cannot be said that its payment is a ministerial duty on the part of its officers. The claimant must follow the administrative remedy, if any, prescribed by departmental regulation of the contracting agency. In this instance the Department of Highways on June 17, 1966, promulgated its regulation No. CONTR CLAIM–1 setting forth a required procedure for the submission, hearing, and determination of the type of claims authorized by KRS 44.270. After a claim has been submitted the Commissioner of Highways may in his discretion decide it summarily or cause a hearing to be held, depending upon what is revealed by a preliminary investigation. If the claim is rejected without a hearing, the claimant may bring an action against the Commonwealth in the Franklin Circuit Court. KRS 44.270(1). If a hearing is conducted he may appeal an adverse decision to that court. KRS 44.280.

■ Sparta's amended complaint alleged that it had made demand upon and had been refused payment by the department. It is not denied. This suit was filed on October 6, 1969. Hence the demand must have been presented to the department within the one-year limitation period prescribed by Sec. 1 of regulation No. CONTR CLAIM–1. Evidently there was no hearing preliminary to rejection of the claim. It is our opinion that there is no merit in the argument that Sparta failed to exhaust its administrative remedy.

■ The appellants rely on the principle that when the state has instituted condemnation proceedings it may withdraw at any time before it has paid for or taken possession of the property. Com., Dept. of Highways v. Fultz, Ky., 360 S.W.2d 216, 221 (1962). In this instance the state has neither paid for nor exercised such physical dominion as would prevent Sparta's use of its easement. Nevertheless, we do not regard this theory as applicable, because the acceptance of Sparta's title, carrying

with it the right of exclusive possession, was more than a mere taking of possession. By terminating Sparta's easement it accomplished a transfer of the right of possession even more effectively than a physical taking without color of title would have done.

There is nothing in the record to suggest that any conditions were attached to the department's acceptance of the deed. We reject the argument that the state's right to abandon an acquisition continues after it has accepted delivery of a valid deed conveying that which it sought to acquire. Nor are we concerned with the technical nomenclature of the action. It was, as the department's brief says, a suit against the state for money, and it was authorized under the principles stated in Fidelity & Cas. Co. v. Com. ex rel. Christen, Ky., 445 S. W.2d 113 (1969).

The judgment is affirmed.

All concur.