RENDERED: NOVEMBER 2, 2017
TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2016-SC-000220-DG

DATE 11|27|17 Kim Redmon, DC

UNIVERSITY OF LOUISVILLE                                          APPELLANT

ON REVIEW FROM COURT OF APPEALS
CASE NO. 2014-CA-000997-MR
V.          FRANKLIN CIRCUIT COURT NO. 13-CI-00202

MARK ROTHSTEIN                                                    APPELLEE

## OPINION OF THE COURT BY JUSTICE KELLER

### AFFIRMING

Appellant, University of Louisville (U of L), appeals the decision of the

Court of Appeals affirming the order of the Franklin Circuit Court, denying U of

L's immunity against suit in this case. We granted discretionary review and,

for the reasons stated herein, affirm the Court of Appeals and remand to the

Franklin Circuit Court for further proceedings.

## I. BACKGROUND.

U of L recruited Appellee, Mark Rothstein (Rothstein), as a professor of

medicine in 2000. He was granted tenure as the Herbert F. Boehl Chair of Law

and Medicine and appointed as a Distinguished University Scholar (DUS)

under a five-year renewable contract. This DUS contract is at issue in the

underlying case. As we do not reach the substantive merits of this case based on its procedural stance, we need not unnecessarily recite the terms and minutia of the process. However, importantly here, disputes arose between U of L and Rothstein regarding the adherence of the parties to this DUS contract. Ultimately, Rothstein's DUS contract was terminated and he filed suit against U of L for breach of this written contract.

Both parties moved the Franklin Circuit Court for summary judgment; U of L partially based its motion on its status as a state agency and its resulting immunity from suit. Although U of L agreed that Kentucky Revised Statute (KRS) 45A.245 waives immunity for breach of contract actions against the Commonwealth, U of L argued that this immunity does not extend to employment contracts. U of L stated that the KRS in question was part of the Kentucky Model Procurement Code (KMPC), which had no bearing on the hiring of faculty by a university and, thus, the waiver did not extend to the employment contract in question.

Franklin Circuit Court denied U of L's argument that sovereign immunity barred Rothstein's claims for breach of the written contract. It found KRS Chapter 45A applicable to written employment contracts and that the legislature had thus waived immunity for suits like Rothstein's.

U of L appealed solely on the issue of whether it should have been shielded by the doctrine of sovereign immunity for Rothstein's claims of breach of contract. The Court of Appeals found there was a written employment

contract and that KRS 45A.245 clearly constituted an unequivocal waiver of immunity for such contract claims.

Once again, U of L appealed this decision and moved this Court for discretionary review. We granted review and for the reasons stated herein, affirm the Court of Appeals and hold that the legislature has waived immunity for all claims arising out of lawfully authorized written contracts with the Commonwealth and its agencies.

## II. STANDARD OF REVIEW.

The issue of whether a defendant is entitled to the defense of sovereign or governmental immunity is a question of law. *See Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006) (citing *Jefferson County Fiscal Court v. Peerce*, 132 S.W.3d 824, 825 (Ky. 2004)). Questions of law are reviewed *de novo*. *Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644, 647 (Ky. 2007). We also note that "an order denying a substantial claim of absolute immunity is immediately appealable even in the absence of a final judgment." *Breathitt County Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009).

## III. ANALYSIS.

Today, this Court is faced with a decision it has declined to answer before: whether KRS 45A.245, codified within the KMPC, waives immunity for all contracts with the state, including written employment contracts. We now hold that KRS 45A.245 is an unqualified waiver of immunity in all cases based on a written contract with the Commonwealth, including but not limited to

3

employment contracts. We hold that this immunity is *not* limited to contracts entered into pursuant to the KMPC and thus, therefore, decline to dictate whether the hiring of university professors must comply with the remaining provisions of the KMPC.

## A.    KRS 45A.245.

KRS 45A.245(1) states:

> Any person, firm or corporation, having a lawfully authorized written contract with the Commonwealth at the time of or after June 21, 1974, may bring an action against the Commonwealth on the contract, including but not limited to actions either for breach of contracts or for enforcement of contracts or for both. Any such action shall be brought in the Franklin Circuit Court and shall be tried by the court sitting without a jury. All defenses in law or equity, except the defense of governmental immunity, shall be preserved to the Commonwealth.

KRS 45A.245(2) goes on to limit the amount of damages recoverable under this section.

As a preliminary matter, the University of Louisville is a state agency entitled to governmental immunity,[1] an extension of the Commonwealth's sovereign immunity. *See Furtula v. University of Kentucky*, 438 S.W.3d 303, 305 (Ky. 2014) ("The state universities of this Commonwealth, including the University of Kentucky, are state agencies that enjoy the benefits and protection of governmental immunity except where it has been explicitly waived

---

[1] "'[G]overnmental immunity' is the public policy, derived from the traditional doctrine of sovereign immunity, that limits imposition of tort liability on a government agency." *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001) (citing 57 Am.Jur.2d, *Municipal, County, School and State Tort Liability*, § 10 (2001)) . "[A] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function." *Yanero*, 65 S.W.3d at 519 (citing 72 Am.Jur.2d, *States, Territories and Dependencies*, §104 (1974)).

by the legislature."). Thus, the next determination is whether the legislature has explicitly evidenced an intent to waive this immunity. *Withers v. University of Kentucky*, 939 S.W.2d 340, 344 (Ky. 1997). While the judiciary has the sole ability to determine whether an entity is entitled to sovereign immunity, *id.* at 342, only the legislature can limit or waive that immunity once it has been determined. *Id.* at 344 (citing *Kentucky Center for the Arts v. Berns*, 801 S.W.2d 327, 329 (Ky. 1991)). We have stated that "[w]e will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Withers*, 939 S.W.2d at 346 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

In interpreting a statute, "[w]e have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." *Cosby v. Commonwealth*, 147 S.W.3d 56, 59 (Ky. 2004) (quoting *Bailey v. Reeves*, 662 S.W.2d 832, 834 (Ky. 1984)). As such, we must look first to the plain language of a statute and, if the language is clear, our inquiry ends. *See Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815, 819 (Ky. 2005). We hold fast to the rule of construction that "[t]he plain meaning of the statutory language is presumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source." *Id.* (quoting Ronald Benton Brown & Sharon Jacobs Brown, Statutory Interpretation: The Search for Legislative Intent § 4.2, at 38 (NITA 2002)). In other words, "we assume that the '[Legislature] meant exactly

5

what it said, and said exactly what it meant.'" *O'Daniel*, 153 S.W.3d at 819 (quoting *Stone v. Pryor*, 45 S.W. 1136, 1142 (Ky. 1898) (Waddle, S. J., dissenting)).

Thus, we begin our inquiry with the plain language of KRS 45A.245(1). This statute clearly intends a waiver of the defense of governmental immunity. There is no other "reasonable construction" of the statute. The legislature clearly stated that "the defense of governmental immunity" was not preserved for the Commonwealth on these contract claims. The parties here do not question that a waiver was intended by the legislature. Instead, they argue as to the extent of this waiver.

**B.    *Furtula v. University of Kentucky.***

In the *Furtula* case, this Court specifically declined to answer the question of whether KRS 45A.245 applied to a written employment contract, instead "leaving the examination of that issue for another day, and for a case ... in which the resolution of that controversy would be material to our decision." *Furtula*, 438 S.W.3d at 306. The bill has come due and we now must answer this question. Fortuitously, however, our learned colleague, Justice Noble, wrote a dissent to our opinion in which she addressed this specific question. *See id.* at 310-20 (Noble, J., dissenting). We now find her reasoning as to the extent of this waiver persuasive.

Justice Noble stated that "[t]he waiver [in KRS 45A.245(1)] is not limited to contracts entered into under the [KMPC]; rather, the waiver applies to all lawfully authorized written contracts. This necessarily includes contracts

6

whose authority lies outside the [KMPC]." *Id.* at 319. KRS 45A.245 was formerly codified as KRS 44.270, prior to the adoption of the KMPC. *Id.* The language of KRS 44.270(1) was almost identical to the presently codified language of KRS 45A.245(1):

> Any person, firm or corporation, having entered into a lawfully authorized written contract with the Commonwealth after June 16, 1966, may bring an action against the Commonwealth on a claim for enforcement of contract or on a claim for breach of contract in the Franklin Circuit Court, provided, however, that all available remedies under any regulation of the contracting agency or under any clauses in the contract shall first be exhausted. Any such action shall be tried by the Court sitting without a jury. **All defenses in law or equity, except the defense of governmental immunity, shall be preserved to the Commonwealth.**

(emphasis added). Aside from the date of the contract and the requirement of exhausting administrative remedies, the text is largely the same. Most importantly, the waiver language in KRS 45A.245(1) remains identical to the original codified statute in KRS 44.270(1).

Justice Noble also noted that KRS 44.270 was included in the same chapter that created the Board of Claims and KRS 44.270 was originally referred to as the "Contract Claims Act." *Id.* at 319-20. The Court of Appeals interpreted that provision to apply to employment contracts, specifically in that case to a contract with U of L. *Id.* at 320 (citing *University of Louisville v. Martin,* 574 S.W.2d 676, 679 (Ky. App. 1978). "[S]ince the [KMPC] did not exist, [KRS 44.270] must have applied to non-[KMPC] contracts." *Furtula,* 438 S.W.3d at 320 (Noble, J., dissenting).

7

Justice Noble continued in tracing the statute's history to note that, although the statute has been reenacted multiple times since 1978, the General Assembly has chosen not to make any change to the language of this waiver, even despite judicial recognition of a waiver of immunity in *Martin*. *Id*. This strongly implies that the legislature has agreed with the interpretation of the statute. *Id*. (quoting *Rye v. Weasel*, 934 S.W.2d 257, 262 (Ky. 1996)). As such, Justice Noble stated that the waiver of governmental immunity described in KRS 45A.245(1) should apply to all contracts, including the contract at issue in *Furtula*. *Furtula*, 438 S.W.3d at 320 (Noble, J., dissenting).

## C.    Interpretation of KRS 44.270.

In 1963, this Court's predecessor was presented with the issue of whether "the Department of Highways, an agency of the state, [could] defeat an action for damages for breach of a contract by the plea of sovereign immunity[.]" *Foley Constr. Co. v. Ward*, 375 S.W.2d 392, 392 (Ky. 1963). The Court held that "[i]n view of the constitutional provision, the sound public policy in support of it, and the long adherence by this Court to the principle of sovereign immunity," the agency could assert sovereign immunity in defense of an action for breach of contract. *Id*. at 396. "Only by authority of an enactment of the Legislature may such suit be brought, and then the manner of bringing a suit and the court in which it may be brought must be directed." *Id*.

The legislature did respond. In 1966, House Bill 442 was introduced as "an act relating to actions against the Commonwealth of Kentucky arising out

8

of its contracts." The proposed Act included the same language now present in KRS 45A.245(1): "All defenses in law or equity, except the defense of governmental immunity, shall be preserved to the Commonwealth." The law was approved on March 23, 1966 and codified as KRS 44.270. Our courts then began the business of interpreting the provision.

In *Fidelity & Casualty Co. v. Commonwealth ex rel. Christen*, this Court specifically held "that the doctrine of sovereign immunity has no application here, but that the right of Fidelity to maintain the action is authorized by KRS 44.270, 'Contract Claims Act,'" and we reversed with directions to enter judgment for Fidelity. 445 S.W.2d 113, 113 (Ky. 1969). The Court stated:

> The Contract Claims Act makes it possible that a 'person, firm or corporation' contracting with the Commonwealth 'may bring an action' to require the Commonwealth to live up to its contractual obligations. When the Legislature excepted 'the defense of governmental immunity' as a defense, it waived governmental immunity as it had the authority to do under section 231 of the Constitution.

*Id.* at 114.

The judiciary continued this trend in *H.E. Cummins & Sons Constr. Co. v. Turnpike Auth.*, 562 S.W.2d 651 (Ky. App. 1977). "We conclude that the Turnpike Authority is an agency of the Commonwealth and that any contract action against the Turnpike Authority must be brought pursuant to the provisions of the Contract Claims Act." *Id.* at 653. Similarly, the Court of Appeals stated that "one cannot sue the Commonwealth on a claim unless sovereign immunity has been waived, as it has been on lawfully authorized written contracts." *All-American Movers, Inc. v. Kentucky ex rel. Hancock*, 552

9

S.W.2d 679, 681 (Ky. App. 1977) (citing KRS 44.270(1)). In *All-American Movers*, the Court of Appeals distinguished written contracts, for which there had been a clear waiver of immunity, and an oral contract at issue there. *Id.*

In *University of Louisville v. Martin*, a teacher sued for back wages and retirement contributions. 574 S.W.2d at 677. The Court acknowledged the university's immunity status and that the immunity "extends to both actions in tort and contract." *Id.* at 677. The Court specifically stated that proper course for the claim at issue was through KRS 44.260 et seq. *Id.* at 679. "In prescribing this procedure, the legislature was acting under [Kentucky Constitution Section] 231, which authorizes the General Assembly to direct the manner[,] and in what courts[,] suits may be brought against the Commonwealth." *Id.* Such a waiver is "a matter of grace[;] such a remedy may be granted, withdrawn or restricted at the will of the legislature." *Id.* (citing *University of Kentucky v. Guynn*, 372 S.W.2d 414 (Ky. 1963)).

In 1978, what became known as the KMPC was introduced and codified as KRS Chapter 45A. It became effective in January of 1979. At that time, KRS 44.270 was "[r]epealed and reenacted as KRS 45A.245, effective January 1, 1979." KRS 44.270.

**D. KRS 45A.245 waives immunity as to all claims arising from written contracts with the Commonwealth.**

Based on the plain language of the statute and our prior interpretation of KRS 44.270, we now hold that KRS 45A.245(1) waives the defense of

10

governmental immunity in all claims based upon lawfully authorized written contracts. [2]

## The Plain Language of KRS 45A.245 waives immunity for contract claims.

The language of this statute is clear. We deem no necessity to begin parsing out the types of contracts the legislature envisioned when creating this particular statute. Instead, we look to the plain language of the statute: "Any person, firm or corporation, having a lawfully authorized written contract with the Commonwealth ... may bring an action against the Commonwealth on the contract ... All defenses in law or equity, except the defense of governmental immunity, shall be preserved to the Commonwealth." KRS 45A.245(1). Once again, we reiterate that "we assume that the '[Legislature] meant exactly what it said, and said exactly what it meant.'" *O'Daniel,* 153 S.W.3d at 819 (quoting *Pryor,* 45 S.W. at 1142 (Waddle, S. J., dissenting)). The legislature chose to utilize this language, without restriction or limitation. There is no reason for

---

[2] We also note that, although our Court has declined to specifically hold that this waiver exists before today, our Court has contemplated and agreed with that holding in dicta of prior decisions:

> Suit cannot be instituted against the Commonwealth on a claim unless sovereign immunity has been specifically waived, as it has been on a lawfully authorized contract ... KRS 45A.245(1) provides that any person having a lawfully authorized written contract with the Commonwealth may bring an action against the Commonwealth on the contract ...

*Commonwealth v. Whitworth,* 74 S.W.3d 695, 700 (Ky. 2002) (internal citations omitted). This case was also relied upon by the Western District of Kentucky: "Here, while the state has waived its immunity for claims pertaining to written contracts, it has done so only for actions brought in Franklin County, Kentucky, Circuit Court ... the state's waiver of sovereign immunity ... applies only to claims premised on *written* contracts." *Campbell v. University of Louisville,* 862 F.Supp.2d 578, 585 (W.D. Ky. 2012) (citing KRS 45A.245(1) and *Whitworth,* 74 S.W.3d at 699-700).

us, therefore, to impose a constraint unintended or unexpressed by the General Assembly. Clearly, the legislature has waived governmental immunity on *all* claims brought by *all* persons on *all* lawfully authorized written contracts with the Commonwealth.

**The Reenactment Doctrine requires our holding here today.**

We discern no reason to treat KRS 45A.245 any differently than its legislative predecessor, KRS 44.270. In fact, under the reenactment doctrine, we should interpret this provision in the same manner. "[W]hen a statute has been construed by a court of last resort and the statute is substantially reenacted, the Legislature may be regarded as adopting such construction." *Benningfield ex rel. Benningfield v. Zinsmeister*, 367 S.W.3d 561, 564 (Ky. 2012) (quoting *Hughes v. Commonwealth*, 87 S.W.3d 850, 855 (Ky. 2002) (quoting *Commonwealth v. Trousdale*, 181 S.W.2d 254, 256 (Ky. 1944))). "[T]he failure of the legislature to change a known judicial interpretation of a statute [is] extremely persuasive evidence of the true legislative intent. There is a strong implication that the legislature agrees with a prior court interpretation when it does not amend the statute interpreted." *Benningfield*, 367 S.W.3d at 564 (quoting *Rye*, 934 S.W.2d at 262).

As we have outlined, this Court has interpreted KRS 44.270 as a waiver of the defense of governmental immunity to all claims based upon lawfully authorized written contracts with the Commonwealth, specifically including written employment contracts within this waiver. The legislature has chosen not to act in contravention of the Court's prior rulings regarding the

12

predecessor statute and we deem this as indicative of the legislature's intent. This interpretation comports with the clear, unequivocal language of the statute; the General Assembly has specifically chosen to waive the defense of governmental immunity in all cases based upon written contracts with the Commonwealth.

## IV. CONCLUSION.

We decline at this time to decide whether public universities must abide by the remaining provisions of the KMPC in hiring professors. Instead, we simply hold that this waiver of immunity applies to all claims based upon "lawfully authorized written contract[s]" with the Commonwealth. We believe this is a simple, reasonable, and straightforward interpretation of the statute at issue. To hold otherwise would be to contravene the clear intent of the General Assembly. For the foregoing reasons, we affirm the Court of Appeals and remand to the Franklin Circuit Court for further proceedings.

Minton, C.J.; Cunningham, Keller, VanMeter, Venters and Wright, JJ., concur. Hughes, J. not sitting.


COUNSEL FOR APPELLANT:

Craig Christman Dilger
Steven Clark
Emily Mattingly
Stoll Keenon Ogden PLLC

COUNSEL FOR APPELLEE:

Robert W. Bishop
John Saoirse Friend
Tyler Zachary Korus
Bishop Korus Friend, P.S.C.

13