LAMBERT, JUDGE:
D. W. Wilburn, Inc. (DWW), and Continental Casualty Company (CCC) appeal from the Fayette Circuit Court's order awarding attorney fees, costs, and prejudgment interest to The Painting Company (TPC) and OK Interiors Corporation (OKI) for their claims on contract balances due; and from the order dismissing the appellants' claims against the Commonwealth of Kentucky. (Appeal No. 2017-CA-000968-MR). TPC cross-appeals from the portion of the order denying prejudgment interest on its claims for extra work. (Cross-Appeal No. 2017-CA-001131-MR). We affirm.
The contractual relationships among the parties originated in 2009, when the Commonwealth of Kentucky awarded contracts for construction of the Eastern Kentucky State Hospital in Lexington, Kentucky. DWW became the managing contractor and construction manager for the project; its duties included coordinating subcontractors and suppliers and supervising the construction site. CCC was surety for the project. TPC and OKI were two of the subcontractors, with TPC under contract to do painting work for $ 902,650.00, and OKI to do exterior insulation, interior framing, and drywall work for $ 7,894,590.00. The project reached substantial completion in May 2013.
Suit was filed by TPC against DWW on April 9, 2014. DWW, joined by its surety CCC, filed as third-party plaintiffs for indemnity from the Commonwealth and from OKI (both of which DWW insisted had caused the extra work on TPC's behalf). OKI cross-claimed DWW and its surety (CCC) for payments due under its contract. The Commonwealth's motion for summary judgment was granted on August 30, 2016. The Fayette Circuit Court held a five-day bench trial in October and *784 November 2016, and entered its opinion and order on April 19, 2017. All parties except the Commonwealth filed separate motions to alter, amend, or vacate the order. TPC and OKI, as prevailing parties, also sought attorney fees and costs. On June 1, 2017, the Fayette Circuit Court entered its final order in favor of TPC and OKI, but it denied prejudgment interest to TPC.
DWW first argues that the circuit court erred by dismissing the Commonwealth as a party. DWW maintains that the project was not able to be completed properly since the delays and additional costs were incurred by the negligence of the Commonwealth's architect. Therefore, DWW contends, the Commonwealth was a necessary party to the litigation.
We begin by stating the standard of review as it relates to summary judgments, namely:
The standard of review on appeal when a trial court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." Scifres v. Kraft , 916 S.W.2d 779, 781 (Ky. App. 1996) ; Kentucky Rules of Civil Procedure (CR) 56.03. "The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor." Lewis v. B & R Corp. , 56 S.W.3d 432, 436 (Ky. App. 2001), citing Steelvest v. Scansteel Service Center, Inc. , 807 S.W.2d 476, 480-82 (Ky. 1991).
"The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present 'at least some affirmative evidence showing that there is a genuine issue of material fact for trial.' " Lewis , 56 S.W.3d at 436, citing Steelvest , 807 S.W.2d at 482. The trial court "must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists." Steelvest , 807 S.W.2d at 480. The Kentucky Supreme Court has held that the word "impossible," as set forth in the standard for summary judgment, is meant to be "used in a practical sense, not in an absolute sense." Lewis , 56 S.W.3d at 436. "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue de novo. " Lewis at 436.
West v. KKI, LLC , 300 S.W.3d 184, 188 (Ky. App. 2008).
As the Commonwealth correctly points out, it is immune, with only express statutory exceptions, from liability. Ky. Const. § 231 ; see Withers v. University of Kentucky , 939 S.W.2d 340, 344 (Ky. 1997). We are aware of the Kentucky Supreme Court's recent ruling that "the General Assembly has specifically chosen to waive the defense of governmental immunity in all cases based upon written contracts with the Commonwealth." University of Louisville v. Rothstein , 532 S.W.3d 644, 651 (Ky. 2017). However, DWW's third-party claim against the Commonwealth was not based on breach of contract. Rather it was a claim for indemnity from the Commonwealth, for which there was no provision in the contract, nor has there been a statutory waiver of sovereign immunity. See Louisville Arena Auth., Inc. v. RAM Eng'g & Const., Inc. , 415 S.W.3d 671, 681 (Ky. App. 2013) ("claims for monetary damages not based on a written contract are precluded by sovereign immunity").
*785 We thus affirm the circuit court's grant of the Commonwealth's motion for summary judgment in Appeal No. 2017-CA-000968-MR.
We next turn to the portion of the appeal pertaining to TPC and OKI. DWW argues that it was error for the circuit court to award attorney fees and costs to TPC and OKI under the Kentucky Fairness in Construction Act (KFCA), Kentucky Revised Statute (KRS) 371.400 et seq. In support of this argument, DWW maintains that the circuit court's determination lacked the requisite findings of bad faith and undisputed amount.
"Matters concerning attorney fees lie 'within the sound discretion of the trial court and [the court's] decision will not be disturbed on appeal absent an abuse of discretion.' The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Kincaid v. Johnson, True & Guarnieri, LLP , 538 S.W.3d 901, 921 (Ky. App. 2017) (internal citations omitted). The KFCA provides for "costs and reasonable attorney's fees to the prevailing party if the losing party is deemed to have acted in bad faith[.]" KRS 371.415. The parties agree that the KFCA does not itself define bad faith, although there have been unpublished cases which impute a definition of "dishonesty of belief or purpose."[1]
A review of the hearing on this issue confirms that the circuit court made numerous and specific references to DWW's bad faith in its failure to compensate TPC and OKI for extra work performed at the job site. Evidence in the record supports the finding of bad faith, and we decline to disturb the award of fees and costs to TPC and OKI. Kincaid, supra.
Regarding the award of prejudgment interest to TPC and OKI on the contract balances, we agree with TPC and OKI that the amounts owed were not disputed by DWW. The award of interest under KRS 371.405(9) was proper and is affirmed.
We lastly turn to TPC's cross-appeal concerning the issue of prejudgment interest on TPC's change order claims. TPC argues that the claims (totaling $ 251,488.85) were liquidated and thus the award of interest was mandatory. We disagree. The circuit court specifically found that certain of TPC's claims were "too vague," therefore legitimizing DWW's failure to pay. The claims amount was not liquidated, and prejudgment interest was not mandatory. The circuit court properly declined to award prejudgment interest on the award pertaining to TPC's change order claims.
The judgment and post-judgment orders of the Fayette Circuit Court are affirmed.
ALL CONCUR.

"No case has specifically interpreted 'bad faith' under this statute, but Kentucky courts have generally defined it as '[d]ishonesty of belief or purpose.' Flint v. Coach House, Inc. , 2009 WL 3878145, at *6 (Ky. 2009) (citing Black's Law Dictionary (8th ed. 2004) ); see also Warfield Natural Gas Co. v. Allen , 248 Ky. 646, 59 S.W.2d 534, 538 (1933) (noting that bad faith 'contemplates a state of mind affirmatively operating with a furtive design or with some motive of self-interest or ill will, or for an ulterior purpose' (citation omitted) )." D&D Underground Utilities Inc. v. Walter Martin Excavating Inc. , No. CV 12-241-GFVT, 2015 WL 13427765, at *17 (E.D. Ky. Sept. 30, 2015).