RENDERED:  AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1131-MR


MARION BISCHOFF; PHILLIP
BISCHOFF; AND TRADEMARK
EXCAVATING COMPANY, LLC                                  APPELLANTS


|               | APPEAL FROM NELSON CIRCUIT COURT |
|---|---|
| v.            | HONORABLE JOHN DAVID SEAY, JUDGE |
|               | ACTION NO. 17-CI-00456 |


HAROLD BYRD; EARTHWORKS,
LLC; JERRY ST. CLAIR; SHANNON
GENTRY; SHELBY WOLF; AND THE
NELSON FISCAL COURT                                        APPELLEES


OPINION
AND ORDER DISMISSING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

CLAYTON, CHIEF JUDGE:  Marion Bischoff, Phillip Bischoff, and Trademark

Excavating Company, LLC (hereinafter "Appellants") appeal the Nelson Circuit

Court's order reversing the Nelson Fiscal Court decision approving a zoning map

amendment. After careful review, we grant the motion of Harold Byrd, Earthworks, LLC, Jerry St. Clair, Shannon Gentry, Shelby Wolf, and the Nelson Fiscal Court (hereinafter "Appellees") to dismiss this appeal.

This case originated when Marion and his son Phillip applied on March 17, 2017, to the Joint City-County Planning Commission of Nelson County (the "Commission") to have a five (5) acre tract of their property re-zoned A-1 (Agricultural District) to I-1M (Moderate Impact Industrial District). The Commission decided to transfer the application to the Nelson Fiscal Court for a final determination. The Nelson Fiscal Court ultimately approved the application and adopted an ordinance amending the zoning map and the property's zoning classification to I-1M.

Thereafter, Appellees filed an appeal to the Nelson Circuit Court on August 3, 2017, challenging the propriety of the Nelson Fiscal Court's actions. The Nelson Circuit Court entered an order reversing the Nelson Fiscal Court on June 26, 2019, on the grounds that its decision was arbitrary. Appellants filed a notice of appeal in this matter on July 25, 2019. Appellees subsequently moved for the circuit court to set an appeal bond on August 14, 2019, under Kentucky Revised Statute ("KRS") 100.3471. The parties briefed the issue, and the circuit court held a hearing and entered an order requiring Appellants to post a $5,000.00 appeal bond on December 2, 2019. Appellants posted the bond on January 7,

2020, and Appellees filed a motion to dismiss this appeal on January 30, 2020, based on Appellants' failure to pay the bond required under KRS 100.3471 within fifteen (15) days of the circuit court's determination of the bond amount. *See* KRS 100.3471(3)(f). Additionally, on June 22, 2020, this Court entered an order directing Appellants to show cause why the constitutionality of KRS 100.3471 should not be excluded from the issues on appeal based on Appellants' purported failure to give notice to the Attorney General under KRS 418.075. On December 17, 2020, both the show cause order and the motion to dismiss were subsequently passed to this merits panel to determine whether Appellants had preserved their constitutional arguments and whether the appeal should be dismissed under KRS 100.3471(3)(f).

Concerning the show cause order, KRS 418.075 states that:

(1) In any proceeding which involves the validity of a statute, the Attorney General of the state shall, before judgment is entered, be served with a copy of the petition, and shall be entitled to be heard, and if the ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the petition and be entitled to be heard.

(2) In any appeal to the Kentucky Court of Appeals or Supreme Court or the federal appellate courts in any forum which involves the constitutional validity of a statute, the Attorney General shall, before the filing of the appellant's brief, be served with a copy of the pleading, paper, or other documents which initiate the appeal in the appellate forum. This notice shall

-3-

> specify the challenged statute and the nature of the alleged constitutional defect.

In this case, Appellants produced proof that they served the Kentucky Attorney General with a copy of Appellants' response to Appellees' motion for bond – which raised the constitutional question at issue – on October 8, 2019. Additionally, on October 9, 2019, the Nelson Circuit Court entered a calendar order postponing a hearing on the matter until the Attorney General had an opportunity to respond pursuant to the statute. There is no evidence of a response from the Attorney General.

While the foregoing evidence may satisfy KRS 418.075(1), it does not satisfy KRS 418.075(2), which deals with appeals to this Court. Here, we have found no evidence that Appellants served the Attorney General with the notice of appeal, which is the "document[] which initiate[d] the appeal in the appellate forum." *See* KRS 418.075(2). The Attorney General is not listed on the certificate of service of Appellants' notice of appeal, and Appellants provided no evidence to prove the Attorney General received notice of the appeal. Strict compliance with the notification provision is required. *Benet v. Commonwealth*, 253 S.W.3d 528, 532 (Ky. 2008); *see also A.H. v. Louisville Metro Government*, 612 S.W.3d 902, 912-13 (Ky. 2020). In keeping with this case law and noting Appellants failed to present any proof that the Attorney General was notified of this appeal, we decline to address the constitutionality of KRS 100.3471(3)(f).

As previously discussed, on January 30, 2020, Appellees moved to dismiss the appeal based on Appellants' purported failure to timely post an appeal bond pursuant to KRS 100.3471. The statute states that "[a]ny party that appeals the Circuit Court's final decision made in accordance with any legal challenge under this chapter **shall**, upon motion of an appellee as set forth in subsection (2) of this section, be required to file an appeal bond as set forth in this section." KRS 100.3471(1) (emphasis added). Appellees moved for a bond in accordance with KRS 100.3471(2) on August 14, 2019. Under KRS 100.3471(3), the Nelson Circuit Court granted that motion and set a bond of $5,000.00 by order entered December 2, 2019. However, Appellants did not post the bond with the Nelson Circuit Court until January 7, 2020. Therefore, we must grant Appellees' motion to dismiss this appeal.

Appellants argued in their response to the motion to dismiss that, because this Court entered an order on October 9, 2019, holding this appeal in abeyance and did not enter an order reinstating the appeal to the Court's active docket until January 7, 2020, all deadlines associated with the appeal were on hold – including the deadline for posting the bond under KRS 100.3471. As previously discussed, we decline to address the constitutionality of KRS 100.3471. Moreover, "we must look first to the plain language of a statute and, if the language is clear, our inquiry ends." *University of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky.

-5-

2017) (citation omitted). In this case, the specific language of KRS 100.3471 provides that it is the circuit court, not the Court of Appeals, that retains the jurisdiction to order an appellant to post an appeal bond. Thus, any deadlines associated with the bond are set forth in KRS 100.3471 and are not governed by the rules governing the abeyance of an appeal. Therefore, such argument is not applicable.

Moreover, even if Appellants had posted a bond with the Nelson Circuit Court under KRS 100.3471, their appeal still fails because the Nelson Fiscal Court failed to make the findings required to grant any map amendment. Under KRS 100.213(1), a fiscal court is required to make the following findings before it approves a zoning change:

> a. That the zoning change is in agreement with the adopted comprehensive plan;
>
> b. That there have been major changes in the economic, physical or social nature within the area involved which were not anticipated in the adopted comprehensive plan and which have substantially altered the basic character of such area; or
>
> c. That the existing zoning classification given to the property is inappropriate and that the proposed zoning classification is appropriate.

Further, when making "a zoning change, [a fiscal court] must make a finding of adjudicative facts necessary to support the change. These findings must be made

-6-

from (and supported by) the evidence heard by the Planning Commission[.]" *Manley v. City of Maysville*, 528 S.W.2d 726, 728 (Ky. 1975).

Indeed, the Fiscal Court recited only three findings: (1) that a distillery operated on the Bischoff Property at one point in the past, (2) a statement on the width of the road and describing it as being common throughout the county, and (3) that a statement was made "under oath" that "if the property was I-1 at the time, even though Planning and Zoning was not in existence, it should be I-1. It runs with the property, not the owner, so it would be I-1 forever." The first two findings are factual in nature but are not relevant to the findings required under KRS 100.213. The fact that a distillery once operated on the property years before or a recitation of the measurements of the road in front of the property does not indicate a "major change" that altered the "basic character of such area" or "[t]hat the existing zoning classification … [was] inappropriate." Additionally, the third finding does not even address the existing A-1 designation, let alone establish how the A-1 designation is inappropriate. Because the Nelson Fiscal Court's written findings do not conform with KRS 100.213, the Nelson Circuit Court properly determined that they cannot constitute sufficient evidence to support approving the zoning change and related ordinance, rendering the Nelson Fiscal Court's actions arbitrary.

Therefore, we dismiss Appellants' appeal for failure to post the bond required under KRS 100.3471.

ALL CONCUR.

ENTERED: _August 19, 2022__

*Denise G. Clayton*

CHIEF JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANTS:

John M. Sosbe
Georgetown, Kentucky

BRIEF FOR APPELLEES:

S. Thomas Hamilton
Bardstown, Kentucky

Jake K. Michul
Lauren R. Nichols
Lexington, Kentucky