RENDERED: DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1272-MR

BERT HENSLEY, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES;
COURTNEY ISAACS, IN HER
OFFICIAL AND INDIVIDUAL
CAPACITIES; LORETTA CRUSE, IN
HER OFFICIAL AND INDIVIDUAL
CAPACITIES; STACEY KINDRED,
IN HER OFFICIAL AND
INDIVIDUAL CAPACITIES; AND
VALERIE KIRBY, IN HER OFFICIAL
AND INDIVIDUAL CAPACITIES                     APPELLANTS


|   | APPEAL FROM ESTILL CIRCUIT COURT |
|---|---|
| v. | HONORABLE MICHAEL DEAN, JUDGE |
|   | ACTION NO. 19-CI-00069 |


JOHN ADAM HARKINS, BY AND
THROUGH GUARDIAN AND
CONSERVATOR, JOHN HARKINS                     APPELLEE


OPINION
AFFIRMING IN PART AND
REVERSING IN PART

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE: Bert Hensley, in his official and individual capacities; Courtney Isaacs, in her official and individual capacities; Loretta Cruse, in her official and individual capacities; Stacey Kindred, in her official and individual capacities; and Valerie Kirby, in her official and individual capacities, appeal from the order denying their motion for summary judgment entered on October 11, 2021, by the Estill Circuit Court. Following a careful review of the record, briefs, and law, we affirm in part, as to the lack of qualified immunity for Kirby and Isaacs, and reverse in part, concerning the immunity of Hensley, Cruse, and Kindred.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

John "Adam" Harkins attended West Irvine Elementary School. On October 21, 2013, Courtney Isaacs[1] was the substitute teacher for Adam's class, which was joined by Valerie Kirby's[2] class during recess. On the playground, a small group of boys – including Adam – passed a mini Nerf football back and forth. After the ball had been passed only a few times, Adam fell, striking his head on the sidewalk. Teachers approached Adam, and special education teacher Stacey Kindred – who just happened to be returning a student to his/her class at the time –

---

[1] Although Isaacs was still in college at the time, she had an emergency teaching certification.

[2] Kirby was also a substitute teacher at the time; however, she had previously retired from teaching with approximately 30 years' experience.

escorted Adam to the school nurse. The nurse called Adam's mom who took him to a local hospital for further treatment.

Nearly five-and-a-half years after his fall, Adam's father, John Harkins, sued former superintendent Bert Hensley, former principal Lorretta Cruse, Kirby, Kindred, and others not party to this appeal. Nearly two years later, Harkins amended his complaint to add Isaacs as a defendant.

After significant discovery – including depositions – Hensley, Cruse, Kindred, Kirby, and Isaacs moved the trial court for summary judgment, asserting they were not negligent and were immune for their discretionary actions performed in good faith as teachers and school administrators. In its order denying summary judgment, the trial court found "there are genuine issues of material fact whether school officials and teachers were negligent in **supervising** students at the time of Adam's injuries, and the Defendants are not entitled to qualified immunity." (Emphasis added.) This interlocutory appeal followed.

**STANDARD OF REVIEW**

This appeal is properly before us because an order denying a claim of immunity is immediately appealable. *Harrod v. Caney*, 547 S.W.3d 536, 540 (Ky. App. 2018); *Breathitt Cnty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009); *Mattingly v. Mitchell*, 425 S.W.3d 85, 89 (Ky. App. 2013). Entitlement to immunity is a question of law. *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644,

-3-

647 (Ky. 2017); *Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006) (citing *Jefferson Cnty. Fiscal Ct. v. Peerce*, 132 S.W.3d 824, 825 (Ky. 2004)). Questions of law are reviewed *de novo*. *Rothstein*, 532 S.W.3d at 647 (citing *Cumberland Valley Contractors, Inc. v. Bell Cnty. Coal Corp.*, 238 S.W.3d 644, 647 (Ky. 2007)).

## ANALYSIS

On appeal, Hensley, Cruse, Kindred, Kirby, and Isaacs contend the trial court erred in finding they were not entitled to qualified immunity. This is the sole issue before us as "the scope of appellate review of an interlocutory appeal of the trial court's determination of the application of . . . immunity is limited to the specific issue of whether the immunity was properly denied and nothing more." *Baker v. Fields*, 543 S.W.3d 575, 578 (Ky. 2018).

Sovereign immunity is broad, protecting the state not only from the imposition of money damages but also from the burden of defending a lawsuit. *Meinhart v. Louisville Metro Gov't*, 627 S.W.3d 824, 830 (Ky. 2021); *Lexington-Fayette Urban Cnty. Gov't v. Smolcic*, 142 S.W.3d 128, 135 (Ky. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)) ("Immunity from suit includes protection against the 'cost[s] of trial' and the 'burdens of broad-reaching discovery' that 'are peculiarly disruptive of effective government.'"). The doctrine of sovereign immunity also covers

departments, boards, and agencies that are integral parts of state government, such as public schools and their employees. *See Bryant v. Louisville Metro Hous. Auth.*, 568 S.W.3d 839, 846 (Ky. 2019). The immunity of governmental and quasi-governmental agencies is referred to as "governmental" as opposed to "sovereign" immunity, though this delineation in terminology is a distinction without a difference. *Id.* The immunity that extends to governmental employees in their individual capacities is commonly referred to as "qualified" immunity. *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001).

Whether qualified immunity extends to an individual turns on whether their actions, or inactions, were discretionary or ministerial. *Id.* "Generally, a governmental employee can be held personally liable for negligently failing to perform or negligently performing a ministerial act." *Marson v. Thomason*, 438 S.W.3d 292, 296 (Ky. 2014). By contrast, such employees are immune when performing discretionary acts, so long as they act in good faith. Thus, qualified immunity "rests not on the status or title of the officer or employee, but on the function performed." *Yanero*, 65 S.W.3d at 521.

Even so, our courts treat diverse categories of governmental employees differently based on their responsibilities and duties owed to the public. Accordingly, we will look first at the school administrators and then at the teachers to determine whether they were entitled to qualified immunity.

In the case herein, both Hensley and Cruse were school administrators, but neither was present on the playground at the time of Adam's accident. Likewise, neither was responsible for the direct supervision of the children at West Irvine Elementary at recess on the day of Adam's fall. Instead, they had only a general duty of supervision.

Concerning the duties of a school principal, the Supreme Court of Kentucky has held:

> Principals do have a duty to provide a safe school environment, but they are not insurers of children's safety. They must only be reasonably diligent in this task. Because that task is so situation specific, and because it requires judgment rather than a fixed, routine performance, **looking out for children's safety is a discretionary function for a principal**, exercised most often by establishing and implementing safety policies and procedures.

*Marson*, 438 S.W.3d at 299 (emphasis added). Here, like in *Marson*, there is no proof that former principal Cruse ever undertook to personally supervise children, including Adam, playing at recess. Instead, Cruse's general duty to look out for the safety of the students was clearly discretionary in nature, and she, too, is clearly entitled to qualified immunity. Accordingly, the trial court herein erred in finding that Cruse negligently supervised the students and was not immune from suit.

Likewise, former superintendent Hensley, as a school administrator, owed Adam only a general duty to provide a safe school environment as opposed

-6-

to a specific duty to supervise. That duty "'is a discretionary function for [school officials] exercised most often by establishing and implementing [supervision] policies and procedures,' which is qualitatively different from actually supervising the students, a ministerial duty for those who are assigned such supervision." *Ritchie*, 559 S.W.3d at 832 (quoting *Marson*, 438 S.W.3d at 299, 302). Therefore, as even Harkins admits,[3] the trial court erred in finding that Hensley negligently supervised the students and was not immune from suit in the case herein.[4]

Concerning the duties of teachers, however, our courts have repeatedly stated that a teacher's duty to supervise students is ministerial, as it requires enforcement of known rules. *Williams v. Kentucky Dep't of Educ.*, 113 S.W.3d 145, 150 (Ky. 2003). The amended complaint alleges, "[b]ased upon information and belief, Defendants Kirby, Kindred, and Isaacs were supervising the students at recess on October 21, 2013." In the answer to the amended complaint, this allegation was denied to the extent it describes the conduct of Kindred, but admitted as to the conduct of Kirby and Isaacs. Since Kindred and

---

[3] In Harkins's response to the motion for summary judgment, he "concedes as that, under the current state of the law, Superintendent Bert Hensley is entitled to dismissal." On appeal, Harkins's brief states he "still has no objection to [Hensley's] dismissal."

[4] To the extent that Hensley and Cruse had a duty to implement policies, such actions are discretionary, and no evidence has been presented that they acted in bad faith; therefore, they are entitled to qualified immunity for those actions. *Ritchie*, 559 S.W.3d at 832. While enforcement of rules is a ministerial function, Harkins has failed to identify any rules Hensley or Cruse failed to enforce. *Yanero*, 65 S.W.3d at 529.

Isaacs were performing a ministerial duty of supervising students on the playground at recess at the time of Adam's accident, the trial court did not err in finding material issues of genuine fact precluded it from finding them immune. Contrary to their assertion, Kirby and Isaacs are not entitled to immunity simply because they acted in good faith; an analysis of whether acts were conducted in good faith only comes into play if said acts were discretionary.

The Supreme Court of Kentucky has provided guidance concerning the difference between immunity from suit and liability from negligence holding:

> One might reason that it is impossible for a teacher to fully perform the ministerial duty of supervision of students because there are so many things involved in that process that are beyond what the teacher can control. For example, if a teacher is working with a student on one side of the room, and on the other side of the room a student stabs his desk mate with a pencil, it could rightfully be argued that no teacher could prevent all harm from coming to the children in his care. But that does not mean his supervision duty was discretionary, such that he would have immunity from suit.
>
> Instead, the ministerial duty of supervision must be viewed through the lens of negligence. It is possible that some acts that happen when a teacher is supervising are outside the scope of what his supervision requires, and he will be entitled to a summary judgment as a matter of law. Or, as with the pencil stabbing, the question may be whether the teacher was negligent in his supervision, and then the reasonableness of the teacher's actions will be taken into account. Certainly, there are *defenses* to the claim that a teacher (or any official) has breached his ministerial duty. But that does not mean such a claim is barred by immunity.

*Marson*, 438 S.W.3d at 302. Stated another way, the fact that neither Kirby nor Isaacs have been found immune from suit does not later preclude a finding that one or both were not negligent.

Our immunity analysis concerning Kindred differs from that of Kirby and Isaacs, however. Although Kindred was a teacher and at the playground when Adam fell, she was not assigned to his class or playground supervision duty at that time. In fact, Kindred specifically and repeatedly denied that she had a duty to supervise any student at that time except the one she was returning to his/her class. Harkins has proffered no proof that Kindred owed Adam any specific duty of supervision. Consequently, since neither Kindred's conduct nor duty owed to Adam was ministerial at the time of his accident, Kindred was entitled to a grant of summary judgment finding her immune from this lawsuit. The trial court erred in its contrary determination.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Estill Circuit Court is REVERSED to the extent it denied qualified immunity to Hensley, Cruse, and Kindred, and AFFIRMED to the extent it found Kirby and Isaacs were not entitled to immunity.


ALL CONCUR.

BRIEFS FOR APPELLANTS:

Suzanne Cassidy
Covington, Kentucky

BRIEF FOR APPELLEE:

A. Nicholas Naiser
Louisville, Kentucky

Tad Thomas
Lindsy Lopez
Prospect, Kentucky