RENDERED: JUNE 16, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0711-MR

PRESTON CAPPS                                                          APPELLANT

APPEAL FROM GRAVES CIRCUIT COURT
v.        HONORABLE KEVIN D. BISHOP, JUDGE
ACTION NO. 21-CI-00197

NICOLLE CHAPMAN AND
STEPHANIE CAPPS                                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND JONES, JUDGES.

DIXON, JUDGE: Preston Capps appeals the order of the Graves Circuit Court,

entered April 28, 2022, modifying timesharing, schooling, and tax exemptions.

After careful review of the briefs, record, and law, we affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Preston and Nicolle Chapman (hereinafter Father and Mother,

respectively) are the parents of K.A.C. (Child) who, at the time of the proceedings

at issue, was eight years old and in the second grade. On June 7, 2021, Stephanie Capps (Grandmother) filed the underlying petition seeking to be designated Child's de facto custodian and to be awarded permanent custody. By an October 13, 2021, agreed order, Grandmother was named de facto custodian, the parties were awarded joint custody, and Grandmother and Mother (collectively Appellees) were allotted shared parenting time from the first Thursday and third Wednesday of a given month until the following Monday. On February 17, 2022, Appellees filed a joint motion to modify timesharing to conform with the recommendations of Child's counselor and for other related relief.

A final hearing on the motion was held on April 27, 2022. At the hearing, Child's counselor recommended that he reside primarily with Grandmother and that Father have parenting time every other weekend and one week in the summer, provided Father is present for the entire duration of his visits. She further recommended that Child, who had been enrolled in Heath Elementary since the start of the current school year, return to Central Elementary, where he had attended kindergarten and first grade, to provide a sense of familiarity and belonging that he was otherwise lacking.

In support, the counselor explained that she had diagnosed Child with severe adjustment and acute stress disorders – as demonstrated by his problematic behavior at school and in the home, the deterioration of his ability to communicate

effectively, and his recent development of depressive and withdrawn behaviors – and that he was not coping with the many changes he had experienced within the last year. She cited Father's paramour's antagonism towards Child and Heath Elementary's push to establish an Individualized Education Program (IEP), which she asserted was inappropriate and detrimental to his future education, as stressors that were contributing to Child's worsening mental and emotional health. However, despite attesting to a willingness to help remedy Child's behaviors, Father has not acknowledged Child's diagnoses, was not amenable to returning Child to Central Elementary, and does not perceive any need to protect Child from his paramour. Conversely, the counselor concluded that Grandmother was supportive of the treatment recommendations and Child's demeanor was improved when with her. Ultimately, the counselor opined that the current timesharing arrangement seriously endangered Child's mental and emotional health, and the recommended modifications were in his best interest.

Father testified that Child's behavioral problems existed prior to his enrollment at Heath Elementary, though he admitted that, per school records, they coincide with when he assumed control over Child's schooling from Grandmother. He recounted that his remedial efforts consisted of maintaining continuous contact with Child's school and trying different parenting techniques, such as spanking and taking things away, neither of which worked. Father acknowledged that despite

ongoing problems, he did not have Child evaluated by a counselor or doctor prior to this action. He disputed the counselor's assessment of his paramour's relationship with Child, noting that the paramour and the counselor had only met on one occasion, and he opined that Child was improving under the current case plan. Finally, Father asserted that the counselor's current recommendations were inconsistent with an equal parenting time arrangement espoused at a recent meeting. Father's attempt to introduce a recording supporting this claim was denied.

By judgment entered April 28, 2022, the court granted Appellees' motion and adopted the counselor's recommended parenting time schedule; the court further ordered that Child be returned immediately to Central Elementary. Father's subsequent motion to alter, amend, or vacate the order was denied, and this appeal followed. We will introduce additional facts as they become relevant.

## STANDARD OF REVIEW

Father contends that the court erred by excluding evidence. We review a court's decision regarding the admission of evidence for an abuse of discretion. *Clark v. Commonwealth*, 223 S.W.3d 90, 95 (Ky. 2007). "The test for abuse of discretion is whether the [circuit] judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

# LEGAL ANALYSIS

During his cross examination of Child's counselor, Father sought to introduce an audio recording he surreptitiously made of a meeting between Grandmother, the counselor, and himself approximately one week before the final hearing in this matter. Concluding that unilateral consent is insufficient to record a conversation between more than two people, the court excluded Father's proffered proof as illegally obtained. On appeal, Father maintains that the court erred because the recording was lawful and, regardless, it was admissible.

"A person is guilty of eavesdropping when he intentionally uses any device to eavesdrop[.]" KRS[1] 526.020(1). "'Eavesdrop' means to overhear, record, amplify[,] or transmit any part of a wire or oral communication of others without the consent of at least one (1) party thereto by means of any electronic, mechanical[,] or other device." KRS 526.010. It is a fundamental rule of interpretation that "[t]he plain meaning of the statutory language is presumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source." *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017). Applying this rule to the statute at hand, we agree that Father's recording of the meeting was not unlawful because he

---

[1] Kentucky Revised Statutes.

was a party to the communication. Consequently, the court's exclusion of the evidence on this basis was clearly erroneous.

However, our review is not complete because Appellees argue any error was harmless and, therefore, the judgment should nonetheless be affirmed. CR[2] 61.01 provides that:

> No error in either the admission or the exclusion of evidence . . . is ground[s] for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

*See also* KRE[3] 103(a).

Father asserts that the omitted evidence undermines the credibility of the counselor's proposed timesharing modifications as being in Child's best interest. Appellees disagree, noting that the counselor's recommendation was so strongly against Father and his paramour that the court was compelled to immediately change Child's residence and school, notwithstanding the short duration of the remaining academic year, and to restrict Father's parenting time for fear his paramour would abuse Child if unattended.

---

[2] Kentucky Rules of Civil Procedure.

[3] Kentucky Rules of Evidence.

We reject Appellees' characterization of the evidence. While the counselor certainly recommended that Child live primarily with Grandmother and stated her concerns regarding Father's paramour, she also unequivocally stated that Father was not unfit, that it was not her intention to separate Child and Father, and that the only difficulty she perceived regarding mid-week visits was the distance between the parties' residences. Further, not only did the counselor render no opinion as to when the change in Child's primary custodian should occur, she specifically recommended that Child remain at Heath Elementary until the end of the academic year. As the court explained when it announced its rulings from the bench, the impetus behind the immediacy of its order was to prevent Heath Elementary from establishing an IEP. Yet, despite this divergence, we nevertheless agree with Appellees that Father's substantial rights were not violated.

Father has never alleged the counselor actually opined that equal parenting time was in Child's best interest; rather, both Father and his counsel characterized the counselor's statements as exploring different options to aid Child. The counselor's testimony about the meeting is largely consistent with these admissions, absent her complete denial that she ever mentioned 50/50 timesharing. The counselor recalled discussing Father's willingness to relocate back to Graves County so that Child could return to Central Elementary and Father could work towards a reconciliation with Grandmother to facilitate more substantial

timesharing in the future. We also find it compelling that Father did not deny his disregard for the counselor's recommendations that Child should be re-enrolled at Central Elementary, which was of pivotal concern for the counselor and the court, and that Child would benefit by his relocating to Graves County. Accordingly, the recording had little value as rebuttal evidence, and the court's error in omitting it was harmless.

## CONCLUSION

Therefore, and for the foregoing reasons, the judgment of the Graves Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Caleb M. Nelson
Paducah, Kentucky

BRIEF FOR APPELLEES:

S. Boyd Neely, III
Mayfield, Kentucky