RENDERED:  JULY 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0651-MR

CHARLES MUCKER, II                                        APPELLANT

v.          APPEAL FROM FRANKLIN CIRCUIT COURT
         HONORABLE THOMAS D. WINGATE, JUDGE
               ACTION NO. 16-CI-00477

KENTUCKY STATE UNIVERSITY
AND CHRISTOPHER CRIBBS                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, MAZE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Charles Mucker, II, brings this appeal from a May 5, 2021,
Order of the Franklin Circuit Court rendering summary judgment dismissing
Mucker's contract claims against Kentucky State University upon the basis of
governmental immunity.  We affirm.

BACKGROUND

This case has previously been before the Court of Appeals in

*Kentucky State University v. Mucker*, No. 2018-CA-001817-MR, 2020 WL

1332976 (Ky. App. Mar. 20, 2020), and we will refer thereto for the relevant

underlying facts as follows:

> When Mucker enrolled at [Kentucky State University]
> KSU in the summer of 2014 and took up residence in
> university housing, he was required to, and did, sign a
> "Resident Zero Tolerance Acknowledgment." (Record
> (R.) 137). He accepted the rule of campus housing that
> his "using and/or trafficking in drugs . . . will result in my
> immediate eviction and that I will be subject to
> suspension or dismissal without a right of appeal."
>
> On April 13, 2016, while he was in his dorm room,
> Mucker was told a campus police officer was parked next
> to his vehicle. Mucker approached the officer. After a
> discussion, Mucker consented to the officer's search of
> his vehicle. The officer recovered marijuana cigarettes,
> individual bags of marijuana, and a small scale. This was
> reported to KSU officials.
>
> Christopher Cribbs, KSU's Assistant Vice President for
> Student Affairs, met with the campus police officer to
> assess the situation. On Thursday, April 14, 2016, Cribbs
> decided to suspend Mucker and prepared a letter to him
> stating, in pertinent part:
>
>> You are alleged of [sic] having a bag of
>> marijuana, used marijuana joints, and a scale
>> in your car on campus. After reviewing the
>> available information and due to the nature
>> and circumstances surrounding the event
>> and the subsequent disciplinary proceedings,
>> I have made the following finding related to

-2-

the violation of the Student [H]andbook for which you were charged:

• Unlawful use and or possession of illicit drugs (Section 5A p. 17) – **Responsible**

As a result, . . . [y]ou have been suspended from Kentucky State University, effective April 14, 2016[,] through June 01, 2016.

You must vacate your . . . residence room by 5 p.m. Sunday, April 17, 2016.

During the period of suspension, you are prohibited [from appearing on campus]. Failure to abide by these restrictions may result in an extended period of suspension, or possibly expulsion. . . .

Upon your June 1, 2016[,] return to Kentucky State University, you must schedule drug counseling. . . .

Due to your signing the Resident Zero Tolerance form. [sic] You acknowledged that you would be subject to suspension or dismissal without a right of appeal. Henceforth, you will not receive the right to appeal the suspension decision.

(R. at 9).

The following day, Friday, April 15, Cribbs met with Mucker to discuss the suspension and then met with Mucker's parents and the Chief of the KSU Police Department.

*Kentucky State University v. Mucker*, No. 2018-CA-001817-MR, 2020 WL

1332976, at *1 (Ky. App. Mar. 20, 2020)

-3-

On May 3, 2016, Mucker filed a complaint and on April 6, 2017, an amended complaint against Kentucky State University (Kentucky State) and against Christopher Cribbs in his individual capacity and in his official capacity.[1] Therein, Mucker raised the following claims – violation of his rights under the Fourteenth Amendment of the United States Constitution and Section 2 of the Kentucky Constitution, illegal forfeiture, breach of contract, breach of implied contract/quasi-contract, *quantum meruit*, and promissory estoppel. Mucker sought both monetary damages and injunctive relief.

In their answers, Kentucky State raised the defense of governmental immunity, and Cribbs raised the defense of qualified official immunity. Thereafter, Kentucky State and Cribbs filed a motion for summary judgment seeking dismissal upon the bases of governmental immunity and qualified official immunity. The circuit court concluded that it could not determine whether Kentucky State and Cribbs were entitled to immunity because of limited facts provided the court. As a consequence, the circuit court denied summary judgment.

Kentucky State and Cribbs filed a direct appeal, and this Court reversed and remanded for additional proceedings. In *Kentucky State University v. Mucker*, No. 2018-CA-001817-MR, 2020 WL 1332976, at \*9 (Ky. App. Mar. 20,

---

[1] Christopher Cribbs was the Assistant Vice President of Student Affairs at Kentucky State University.

2020), the Court of Appeals concluded that Kentucky State was entitled to governmental immunity and that Cribbs was entitled to governmental immunity in his official capacity and qualified official immunity in his individual capacity. The Court directed the circuit court to dismiss all tort claims against both Kentucky State and Cribbs. The Court of Appeals also considered Mucker's "contractual claims":

> Mucker's claims for breach of contract, breach of implied contract, *quantum meruit*, promissory estoppel, and unenforceable forfeiture are premised on the existence of a contract with KSU; therefore, KSU is the only potentially liable party. Mucker cites only the student handbook as evidence of that contract.
>
> Pursuant to [Kentucky Revised Statute] KRS 45A.245, "the General Assembly has explicitly waived the defense of governmental immunity for claims based upon lawfully authorized written contracts with the Commonwealth." *Furtula v. Univ. of Kentucky*, 438 S.W.3d 303, 305 (Ky. 2014) (internal quotation marks and footnote omitted). That is, "KRS 45A.245 is an unqualified waiver of immunity in all cases based on a written contract with the Commonwealth . . . [and] this immunity is *not* limited to contracts entered into pursuant to the KMPC [Kentucky Model Procurement Code]. . . ." *University of Louisville v. Rothstein*, 532 S.W.3d 644, 647 (Ky. 2017) (emphasis in original).
>
> We cannot address whether immunity applies here because the circuit court never decided whether a contract existed. . . .

*Kentucky State University v. Mucker*, No. 2018-CA-001817-MR, 2020 WL 1332976, at *9 (Ky. App. Mar. 20, 2020).

-5-

Upon remand, Kentucky State and Cribbs filed a motion for summary judgment arguing that no written contract existed with Mucker. Mucker filed a response and argued otherwise. By a May 5, 2021, Order, the circuit court granted the motion for summary judgment. In relevant part, the circuit court concluded:

> On remand, the Court of Appeals has instructed the Court to determine whether a contract existed. Plaintiff asserts claims for breach of contract, illegal civil forfeiture, promissory estoppel, and *quantum meruit* against KSU. KRS 45A.245(1) provides for a waiver of governmental immunity when a person has "a lawfully authorized written contract with the Commonwealth[.]" Plaintiff claims that the KSU Student Handbook was such a contract. KSU contends that the Student Handbook language negates such a claim. The Court agrees.
>
> KSU's Student Handbook, in relevant part, provides: "The policies, regulations, and guidelines herein are not and shall not be construed as contractual obligations between the University and its students." Moreover, the Student Handbook is "subject to change at any time without prior individual notice." Both express and implied contracts require "the agreement of the promisor to be bound." [*Furtula*] *v. University of Kentucky*, 438 S.W.3d 303, 308 (Ky. 2014). In the Student Handbook, KSU expressly stated that it does not intend to be bound and that the terms of the Student Handbook are subject to change without notice. In [*Furtula*], the Kentucky Supreme Court declined to imply a contract when the University of Kentucky, in its handbook, stated that the handbook was not a contract, coupled with "express reservations of the authority to alter and amend the . . . policies at any time." 438 S.W.3d at 309 (emphasis omitted). KSU used similar language, expressing the intent for the Student Handbook not to be a contract, and reserved the authority to change

-6-

the Student Handbook at any time without notice. Thus, as in [*Furtula*], the Court declines to find a contract either express or implied. As Plaintiff did not have a lawfully authorized written contract with KSU, KSU did not waive governmental immunity under KRS 45A.245. Plaintiffs [sic] remaining claims are also barred as the Court has concluded KSU enjoys governmental immunity.

May 5, 2021, Order at 6-7 (footnotes omitted and citation omitted). This appeal follows.

Mucker contends that the circuit court erroneously rendered summary judgment dismissing his breach of contract claim. Mucker argues that the circuit court failed to consider the entirety of the Kentucky State Student Handbook and improperly focused upon one provision thereof. Mucker points out that a provision of the handbook states that "[e]ach student desiring to reside in University Housing will be required to sign a Kentucky State University Two Semester Resident Hall Contract." Mucker's Brief at 10. Thus, Mucker believes that the handbook makes "clear that both parties are bound by contractual terms." Mucker's Brief at 10. Additionally, Mucker alleges that Kentucky State has failed to clearly indicate its intent not to be contractually bound by the provisions of the handbook, as were the facts in *Furtula v. University of Kentucky*, 438 S.W.3d 303, 308 (Ky. 2014).

STANDARD OF REVIEW

The standard of review upon appeal of an order granting summary judgment is "whether the trial court correctly found that there were no genuine

-7-

issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing Kentucky Rule of Civil Procedure 56.03). Upon a motion for summary judgment, all facts and inferences in the record are viewed in a light most favorable to the nonmoving party and "all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Thus, if there are no factual issues, a summary judgment looks only to questions of law and we review a trial court's decision to grant summary judgment *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016). *See also Peterson v. Foley*, 559 S.W.3d 346, 348 (Ky. 2018).

## ANALYSIS

The primary issue in this appeal is whether the Kentucky State Student Handbook created a contract with Mucker sufficient to trigger the governmental immunity waiver set out in KRS 45A.245. That statute provides, in relevant part:

> (1) Any person, firm or corporation, having a lawfully authorized written contract with the Commonwealth at the time of or after June 21, 1974, may bring an action against the Commonwealth on the contract, including but not limited to actions either for breach of contracts or for enforcement of contracts or for both. Any such action shall be brought in the Franklin Circuit Court and shall be tried by the court sitting without a jury. All defenses in law or equity, except the defense of governmental immunity, shall be preserved to the Commonwealth.

-8-

KRS 45A.245 has been interpreted as "an unqualified waiver of immunity in all cases based on a written contract[.]" *University of Louisville v. Rothstein*, 532 S.W.3d 644, 647 (Ky. 2017).

Thus, to be entitled to a waiver of immunity per KRS 45A.245, it is incumbent upon Mucker to demonstrate that a written contract existed between Kentucky State and him. To do so, Mucker relies upon the student handbook and points to provisions of the handbook that reference Residence Hall Contracts. However, Mucker's claims are not based upon provisions in such a Residence Hall Contract; rather, his claims are based upon provisions in the student handbook relating to hearing and appeal procedures for disciplined students.[2]

As a result, we view *Furtula*, 438 S.W.3d at 309 as controlling. Therein, our Supreme Court considered whether a University of Kentucky Staff Handbook and related documents constituted a contract that would effectively waive immunity by operation of KRS 45A.245. The Court pointed out that the handbook expressly stated that it was not a contract and that the university retained the authority to change or modify relevant provisions. In view of these statements,

---

[2] Charles Mucker, II, also executed a Resident Zero Tolerance Acknowledgement that provided that the use of drugs would result in immediate eviction from campus housing and suspension from the University. There is no dispute that Mucker signed the acknowledgement.

the Court held that no contract was created, and the university retained its governmental immunity.

As in *Furtula*, 438 S.W.3d at 309, the Kentucky State Student Handbook clearly and unmistakably states that its provisions "shall not be constructed as contractual obligations" and "are subject to change at any time without prior individual notice." Simply stated, Kentucky State plainly expressed its intent not to create contractual obligations by any provision set forth in the student handbook. Accordingly, we agree with the circuit court that *Furtula* is dispositive and that the student handbook does not create a contract between Kentucky State and Mucker. As a result, KRS 45A.245 is inapplicable, and Kentucky State enjoys governmental immunity.

Mucker also argues that the circuit court erred by dismissing his promissory estoppel claim. We disagree and conclude that this claim is barred by governmental immunity, as the statutory exception to immunity under KRS 45A.245 is inapplicable herein.

For the foregoing reasons, the Order of the Franklin Circuit Court is affirmed.

MAZE, JUDGE, CONCURS.

JONES, JUDGE, CONCURS IN RESULT ONLY.

BRIEF AND ORAL ARGUMENT
FOR APPELLANT:

F. Todd Lewis
Louisville, Kentucky

BRIEF FOR APPELLEES:

William E. Johnson
W. Eric Branco
Frankfort, Kentucky


ORAL ARGUMENT FOR
APPELLEES:

William E. Johnson
Frankfort, Kentucky